the time he received it, and he appeals. Reversed and remanded.

See, also, 287 S. W. 1099.

S. W. Smith, of Amarillo, and Oxford & Johnson, of Stephenville, for appellant.

Same D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BETHEA, J. The appellant was convicted of receiving stolen property, knowing it to have been stolen at the time he received it, and his punishment was assessed at 10 years in the penitentiary. The indictment in this case contains two counts; the first count charging the appellant with theft of the property, and the second count with receiving and concealing the said property. He was convicted under the second count.

[1, 2] Appellant's bill of exceptions No. 1 complains of the trial court's refusal to quash the second count in the indictment, for the reason that it cannot be determined from a reading of the count whether he was charged with receiving and concealing the property in Eastland county or in Erath county, contending that the "then and there," in the latter part of said count, referred back to Erath county, instead of Eastland county. We do not agree with this contention, for, when the count is considered as a whole, the "then and there," we hold, refers back to Eastland county. Article 200, Vernon's C. C. P., gives the court of the county where the theft occurred jurisdiction of the offense of receiving and concealing the stolen goods, though the appellant lived and received and concealed the goods in another county. The record discloses that the theft of the automobile, the appellant is charged with receiving and concealing, was in Erath county, and the receiving and concealing of said automobile by the appellant was in Eastland county.

Under this article, and under the decisions hereinafter cited, the offense of receiving and concealing stolen property may be prosecuted in the county where the theft was committed, or through or into which the appellant may have carried the property, or in any county where the same was received or concealed. It follows, therefore, that the court correctly overruled appellant's motion to quash this count in the indictment, and also correctly overruled his motion in arrest of judgment. Moseley v. State, 35 Tex. Cr. R. 210, 32 S. W. 1042; Mooney v. State, 73 Tex. Cr. R. 121, 164 S. W. 828; Mooney v. State, 76 Tex. Cr. R. 539, 176 S. W. 52; Barnes v. State (Tex. Cr. App.) 283 S. W. 506; Barnes v. State, 104 Tex. Cr. R. 438, 284 S. W. 577.

[3] Appellant's bills of exception 8 and 9 complain of the trial court's action in allowing the witness W. J. Barnes, county attorney of Eastland county, to testify, and among other things to relate that on or about the 17th day of August, 1925, he and others found on the premises of the appellant a Dodge touring car, which was turned over to a representative of the insurance company, of Dallas, Tex., and also found on the premises of the appellant a Dodge coupé, which was brought to Eastland by the officers and turned over to L. D. Williams, and that he (the witness) saw it last week (meaning the week before the witness was testifying in this case) in Williams' possession, and that it had been continuously in Williams' possession from the time it was turned over to him by the officers until the date of the trial.

We believe the learned trial judge was in error in permitting this evidence to go to the jury, for the reason that same was clearly inter alios acta. Castleberry v. State, 35 Tex. Cr. R. 382, 33 S. W. 875, 60 Am. St. Rep. 53; Branch's Criminal Laws of Texas, § 338, p. 196; Nunn v. State, 60 Tex. Cr. 86, 131 S. W. 320; Forrester v. State, 69 Tex. Cr. R. 62, 152 S. W. 1041; Hunt v. State, 89 Tex. Cr. R. 89, 229 S. W. 869.

There are a number of other questions raised by appellant, but, in view of another trial, we do not deem it necessary to pass upon them.

For the error above pointed out, the judgment is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

ERMIS et al. v. STATE.    (No. 10528.)

(Court of Criminal Appeals of Texas.   Jan. 5, 1927.)

Criminal law ⬛1131(1)—Appeal from conviction may be voluntarily abandoned at any time.

Appeal from judgment of conviction, being voluntarily made, may be voluntarily abandoned at any time, court being without option in the matter.

Appeal from District Court, Fayette County; M. C. Jeffrey, Judge.

Doc Ermis and Angelo Sbisa were convicted of keeping premises for purpose of storing liquor, and they appeal. Appeal dismissed, at request of appellants.

George Willrich and H. R. Clark, both of La Grange, for appellants.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of Fayette county of keeping premises for the purpose of storing liquor; punishment fixed at three years' confinement in the

penitentiary for appellant Ermis, and two years' for appellant Sbisa.

Both appellants have filed herewith sworn requests to have their appeals dismissed. An appeal from a judgment of conviction is a voluntary matter, and may be voluntarily abandoned at any time. The court seems without 'option in the matter.

The appeal will be dismissed at the request of appellants.