### SPENCER MILES V. THE STATE.

No. 11390.   Delivered November 2, 1927.

**Selling Intoxicating Liquor—Withdrawing Appeal—Rule Stated.**

After the adjournment of the term of the District Court at which he was tried, and of his notice of appeal entered, appellant withdrew his notice of appeal. The appeal could not be withdrawn, after this court had acquired jurisdiction of the case. Distinguishing Smith v. State, 102 S. W. 1198.

Appeal from the District Court of Lubbock County. Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction for selling intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for selling intoxicating liquor punishment one year in the penitentiary.

The record is before us without any bills of exception or statement of facts. There appears in the record an effort on the part of appellant, at a time when the trial court was in vacation and after notice of appeal had been given and the jurisdiction of this court· had attached, to withdraw his notice of appeal. We are referred to the memorandum decision of this court in the case of Smith v. State, 102 S. W. 1198, as authority supporting the action of the court below in permitting appellant to withdraw his appeal. It does not appear from the short

statement of the opinion rendered in said Smith case whether the effort to withdraw notice of appeal was during the term or after the expiration of the term.   Being of opinion that it could not be done legally after the expiration of the term, we must conclude that under the facts before the court in said Smith case the effort to withdraw was made during the term.   The indictment herein correctly charges the offense, and is followed by the charge given to the jury.   No error appearing, the judgment will be affirmed.

*Affirmed.*