ROY EARL DEWBERRY V. STATE

No. 27,798. November 2, 1955

Appellant represented himself.

*Henry Wade,* Criminal District Attorney, *Jerry Shivers, Charles S. Potts,* and *George P. Blackburn,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is felony theft; the punishment, two years.

In view of our disposition of this cause, a recitation of the facts is not deemed necessary.

The transcript reveals that sentence was pronounced in the trial court and the appellant gave notice of appeal to this court. Subsequently, by order of the same court, appellant's application to withdraw his notice of appeal was granted, and the sentence was probated; and no notice of appeal was thereafter given.

The state has urged that we affirm this conviction and hold void the order granting probation on the grounds that the order was entered at a subsequent term of court.

The validity of the order of the trial court setting aside the notice of appeal and probating sentence can be challenged here only by the appellant, because the state under the law has no right to invoke the appellate jurisdiction of this court. Article 5, Section 26, Constitution of Texas, and Article 812, V.A.C.C.P. The appellant does not challenge that order but relies thereon and insists that he is willing to abide thereby.

To follow the state's contention would be to grant the state the right of appeal in a criminal case.

The appellant swears in his motion that he requested the deputy district clerk not to file the transcript and statement of facts in his case in this court, and now that the same has been filed he properly requests that any appeal that may now be before this court contrary to his wishes be dismissed. This is a right the appellant is authorized to pursue.

Accordingly, the appeal is dismissed.

WOODLEY, Judge, dissenting.

Upon the final disposition of this appeal those whose duty it is to carry out the judgments and decrees of the trial court and of this court are entitled to know whether appellant shall be required to serve the two-year sentence appealed from or to remain at large under the order of June 30, 1955, which purports to suspend the execution of such prison term.

I know of no statute or rule of law which would prevent this court from determining the question on this appeal, or which requires that appellant's motion to dismiss the appeal be granted.

This court is not bound to grant the request of an appellant for dismissal of his appeal, and has on occasion declined to do so, where another disposition is called for. Sanders v. State, 18 Texas App. 372; Adcock v. State, 152 Texas Cr. R. 194, 196, 197 (3 cases), 212 S.W. 2d 175, 176, 177; Gaines v. State, 155 Texas Cr. R. 79, 231 S.W. 2d 429.

Believing that it is the duty and responsibility of this court to pass upon the question, I respectfully enter this my dissent.

The effect of the appeal taken at the January term was to suspend and arrest all further proceedings in the trial court until the judgment of this court is received. Such are the provisions

of the applicable statute, Art. 828 C.C.P.^ (The exceptions con-
tained in the statute are not here applicable.)

The order attempting to permit the appeal to be withdrawn,
and suspending the execution of the sentence, was made long
after the appeal to this court had been perfected, and the Jan-
uary term of the trial court had expired.

Under many decisions of this court, the trial court was with-
out jurisdiction, after the term had expired, to permit the notice
of appeal to be withdrawn, or to suspend the execution of the
sentence appealed from. Tores v. State, 74 Texas Cr. R. 37, 166
S.W. 523, 527; Miles v. State, 108 Texas Cr. R. 120, 299 S.W.
246; Cockrell v. State, 88 Texas Cr. R. 525, 228 S.W. 1097;
Sheegag v. State, 39 Texas Cr. R. 126, 44 S.W. 1109; Hill v.
State, 4 Texas App. 559; Estes v. State, 38 Texas Cr. R. 506,
43 S.W. 982; Bundick v. State, 59 Texas Cr. R. 9, 127 S.W. 543.

See also State v. Klein, 154 Texas Cr. R. 31, 224 S.W. 2d 250,
where probation order was entered after the appeal had been
decided.

It is observed that appellant was tried by a jury. He applied
for a suspended sentence. The state offered testimony to the
effect that his general reputation as a law abiding citizen was
bad, the witnesses who so testified were not cross-examined and
no witness was offered who testified to the contrary.

The jury declined to recommend that the sentence be sus-
pended.

The late lamented Harold B. Wright, Judge of the Criminal
District Court, presided at the trial. He did not see fit to grant
the probation.

It was from the sentence pronounced by Judge Wright that
appellant invoked the jurisdiction of this court by his notice of
appeal at the January term.

The order of June 30, 1955, is before us which, if valid, re-
lieved appellant from his recognizance on appeal and reinvested
the jurisdiction of the trial court. On the other hand, if juris-
diction of the appeal remained in this court and this order en-
tered some three months after expiration of the term of court
during which notice of appeal was given is void for want of

jurisdiction of the trial court to make and enter it, it is the duty of this court to so determine.

If not passed upon in this proceeding it would appear that only in the event officers of the trial court are willing to subject themselves to the risk of being in contempt of court, in failing to observe the order purporting to suspend the execution of sentence, and writ of habeas corpus applied for, will the validity of the order of June 30, 1955, be determined by this court.

To this I cannot agree for the reasons stated.

The order attempting to grant probation should be held void, and the judgment should be affirmed.