Dan Walton, Dist. Atty., Howell E. Stone and Jack J. Rawitscher, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for keeping a bawdy house with two prior convictions alleged for enhancement; the punishment, 80 days in jail and a fine of $800.

The testimony of the state shows that on December 28, 1957, the appellant was present and operating a beer tavern in a building which she had rented and that it consisted of several rooms, some where beer was served, a kitchen, and several bedrooms. A white male testified that on the above date he went to appellant's place looking for some girls and was talking with a Mexican female with whom he had just made a "date" for $5 when the officers arrived. As one of the officers walked through the building he saw a scantily dressed Mexican female open the door and emerge from one of the bedrooms holding a $20 bill in her hand while a nude adult male could be seen in the bedroom.

An adult male witness while testifying identified one of appellant's witnesses as a female with whom he had had an act of sexual intercourse for money at appellant's place in November, 1957, and at a time when the appellant was present at the place.

At least four adult females were seen in the tavern at the time in question, and testimony was offered showing that each of them had the general reputation of being a prostitute, that the appellant was a prostitute, and that appellant's place had the general reputation of being a bawdy house.

Proof was offered showing the prior convictions alleged, it was stipulated that such convictions had become final, and the testimony shows that the appellant was the person so convicted.

Appellant did not testify but called several witnesses who testified that appellant's place did not have the general reputation of being a bawdy house, and that the females present at the time the officers arrived on December 28, 1957, did not have the general reputation of being prostitutes.

The evidence is sufficient to support the conviction.

There are no formal bills of exception, and the numerous informal bills have been carefully considered and they do not show error.

The judgment is affirmed.

Opinion approved by the Court.

Ernest HALE, Appellant,

v.

STATE of Texas, Appellee.

No. 31242.

Court of Criminal Appeals of Texas.

Dec. 16, 1959.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a conviction for driving while intoxicated.

Appellant has filed his personal affidavit asking that his appeal in this case be dismissed.

This is a right the appellant has and one which this court is powerless to refuse. Ermis v. State, Tex.Cr.App., 289 S.W. 405; Dewberry v. State, 162 Tex.Cr.R. 160, 283 S.W.2d 399; 4 Tex.Jur. (1st) Sec. 347, p. 497; and 5 Tex.Jur. (2d) Sec. 336, p. 539.

The appeal is dismissed.

WOODLEY, Judge (dissenting).

The majority follow their holding in Dewberry v. State, 162 Tex.Cr.R. 160, 283 S.W.2d 399, and in support thereof cite as authority the opinion of Judge Lattimore in Ermis v. State, "intimating that it is the mandatory duty of this Court to dismiss an appeal upon request." (5 Tex.Jur.2d, Sec. 336, Note 2.)

A distinguishment between this case and the Dewberry case is that Dewberry was permitted to withdraw his notice of appeal in the trial court and he requested that the transcript and statement of facts not be filed. The dissent was based upon the fact that Dewberry was permitted to withdraw his notice of appeal after the term of court at which it was given and entered had expired.

In my dissent in Dewberry v. State, I cited five cases where this Court declined to grant the appellant's motion to dismiss the appeal because another dispostition was called for. Sanders v. State, 18 Tex.App. 372, was a conviction for murder with life in the penitentiary. The Court of Appeals in an opinion by Presiding Judge White, found error fatal to the conviction; refused to comply with appellant's request that the appeal be dismissed, stating as reason that Sanders had not been convicted according to law, and reversed the judgment.

Three convictions, upon pleas of guilty to selling whisky in a dry area, were set aside by this Court and the appellant's motions to dismiss the appeals were refused in Adcock v. State, 152 Tex.Cr.R. 194, 196, 197, 212 S.W.2d 175, 176 and 177. No information having been filed, the judgments were reversed.

In Gaines v. State, 155 Tex.Cr.R. 79, 231 S.W.2d 429, Judge Beauchamp wrote the unanimous opinion. This Court declined to grant the motion of the appellant to withdraw the appeal, and reformed and affirmed the judgment.

The majority opinion is in direct conflict with the cases mentioned.

The punishment which the trial court assessed against the appellant was a fine only. The minimum punishment provided by law for the offense charged and to which appellant pleaded guilty includes a mandatory jail term of not less than 3 days. Art. 802, Vernon's Ann.P.C.

The trial court was without authority to assess a punishment more or less than that provided by statute. Such a judgment will not be affirmed on appeal. Henderson v. State, Tex.Cr.App., 318 S.W.2d 898; Malone v. State, Tex.Cr.App., 328 S.W.2d 310.

The dismissal of this appeal will leave standing a conviction for drunken driving with no jail term to be served. A reversal will permit another trial at which appellant, if convicted, may be assessed a punishment provided by law for his crime.

I respectfully dissent.