**Clarence Victor YORDY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40791.**

Court of Criminal Appeals of Texas.

Nov. 15, 1967.

On Appellee's Motion to Reinstate Appeal Jan. 3, 1968.

Rehearing Denied Feb. 7, 1968.

On Appellant's Motion to Reinstate Appeal March 13, 1968.

Robert E. Hilton, Dallas, for appellant.

Henry Wade, Dist. Atty., Jim Ramsey, William S. Mason, Jr., Asst. Dist. Attys., Dallas and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

PER CURIAM.

This is a conviction of appellant for operating a motor vehicle upon a public highway while his operator's license was suspended; the punishment, five days in jail and a fine of $150.

The record on appeal does not include sentence pronounced by the trial court, as required by Articles 40.09, subd. 1; 42.02, and 42.04, V.A.C.C.P.

The appeal is dismissed.

## OPINION ON APPELLEE'S MOTION TO REINSTATE APPEAL

ONION, Judge.

Appellee moves to reinstate the appeal, and in the motion alleges a supplemental transcript has now been forwarded to this Court that contains the proper and correct sentence imposed in this cause by the trial court.

While the referred to supplemental transcript has been received by this Court, neither such transcript nor the sentence contained therein is certified to by the clerk of the trial court under his hand and seal of court.

Not being properly authenticated, the sentence cannot be considered.

The motion to reinstate the appeal is overruled.

## OPINION ON STATE'S SECOND MOTION TO REINSTATE APPEAL

ONION, Judge.

This appeal was dismissed on original submission for lack of a sentence. On rehearing state's motion to reinstate appeal was overruled for lack of a certification of the sentence forwarded with said motion. Our opinion on rehearing is, however, withdrawn.

We now observe that while an appellant may seek to reinstate an appeal and while this Court on its own motion may

reinstate an appeal, the state may not do so. Article 5, Sec. 26, Texas Constitution, Vernon's Ann.St.; Article 44.01, Vernon's Ann.C.C.P. Cf. Dewberry v. State, 162 Tex.Cr.R. 160, 283 S.W.2d 399; State v. Wilson, 131 Tex.Cr.R. 43, 95 S.W.2d 971.

State's second motion to reinstate appeal is overruled.

### OPINION ON APPELLANT'S MOTION TO REINSTATE APPEAL

PER CURIAM.

Sentence was pronounced on January 23, 1967. Notice of appeal was given on March 6, 1967.

██ Notice of appeal was not given within the time prescribed by Article 44.08 (c), V.A.C.C.P., and there is nothing in the record to show that the trial court for good cause shown permitted the giving of such notice after the 10 days allowed had expired.

Motion to reinstate the appeal is denied.