Earl Elmer WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 47507.

Court of Criminal Appeals of Texas.

Nov. 10, 1976.

Jim B. Brown, Canyon, for appellant.

Tom A. Curtis, Dist. Atty. and Gene Storrs, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

### I.

This case is before us after having been remanded by the United States Supreme Court.

On original submission, this Court held that the search of appellant's car without a warrant violated the Fourth Amendment of the Federal Constitution. *White v. State,* 521 S.W.2d 255 (Tex.Cr.App.1975). The Supreme Court granted certiorari and reversed this Court's judgment, relying on *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975).

### II.

Thus, the validity of the search under *federal constitutional law* has been conclusively decided. *Oregon v. Hass,* 420 U.S.

714, 719, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975).

We do not dispute the validity or binding effect of the Supreme Court's holding in *Texas v. White,* supra. However, we have concluded that the State of Texas violated the provisions of its own Constitution in pursuing the appeal of this case to that Court.

Article 5, Section 26, of the Texas Constitution provides:

"The State [of Texas] shall have no right of appeal in criminal cases."

The cases interpreting this constitutional provision have never questioned its validity, only its applicability.

The earliest cases uniformly held that bail forfeitures are criminal cases and that the State could not appeal an adverse ruling in such a case—despite a statute which allowed an appeal by either party. *State v. Ward,* 9 Tex.App. 462 (Tyler Term 1880); *Hart v. State,* 13 Tex.App. 555 (Galveston Term 1883); *Perry v. State,* 14 Tex.App. 166 (Austin Term 1883); *Robertson v. State,* 14 Tex.App. 211 (Austin Term 1883).

In *Hart,* the Court of Appeals also held that the State could not evade the mandate of the constitutional provision by taking its case to the Court by writ of error rather than by appeal. A writ of error, the Court said, "is only another mode of bringing up the cause for revision on appeal." *Hart v. State,* supra, 13 Tex.App. at 557.

In *State v. Wilson,* 131 Tex.Cr.R. 43, 95 S.W.2d 971 (1936), the Court held that the State's attempt to appeal the quashing of an indictment came within the proscription of Section 26.

In *Dewberry v. State,* 162 Tex.Cr.R. 160, 283 S.W.2d 399 (1955), the defendant, who had been given a two-year sentence, was allowed to withdraw notice of appeal. He was then, at a subsequent term of court, granted probation by the trial court. No later notice of appeal was filed. It was held that the State could not urge in this Court that the original non-probated judgment and sentence be affirmed, since to so

do "would be to grant the State the right of appeal in a criminal case." Id., at 161, 283 S.W.2d, at 400.

Similarly, in *Yordy v. State,* 425 S.W.2d 352 (Tex.Cr.App.1968), the Court held that the State may not seek to reinstate an appeal, although it was clearly held in *Ex Parte Wolters,* 64 Tex.Cr.R. 238, 144 S.W. 531 (1912) that the State does have the right to file a motion for rehearing in this Court. A majority of the Court in *Wolters* also held that a criminal contempt proceeding is not a "criminal case."

In *State v. Marshall,* 503 S.W.2d 875 (Tex. Civ.App.—Houston [1st] 1973, no writ), the Court of Civil Appeals held that the State may not appeal from a juvenile court order of dismissal in a delinquency proceeding.

The two threshold issues involved in each of these cases are, first, whether the case is a "criminal case" and, second, whether the process involved is an "appeal." However, despite the importance of these terms to a construction of Section 26, they have rarely been defined.

In *Ex Parte Wolters,* supra, the Court quoted from *Taylor v. Goodrich,* 25 Tex.Civ. App. 109, 40 S.W. 515, 524 (1897):

"A 'criminal case' is defined to be an action, suit, or cause instituted to secure a conviction and punishment for crime, or to punish an infraction of the criminal law."

Accord: Black's Law Dictionary 447 (Rev. 4th Ed. 1968); see also *Griffin v. State,* 29 S.W.2d 349 (Tex.Cr.App.1930).

Our research reveals that the word "appeal" has not been construed in Texas by an appellate court having criminal jurisdiction since 1840. In that year, in *Republic v. Smith,* Dallam 407, the Supreme Court of the Republic of Texas defined an appeal (quoting Blackstone) as "a complaint to a superior court of injustice done by an inferior one." Mr. Black gives a similar definition. Black's Law Dictionary, supra, at 124. See also *Booth v. Tex. Emp. Ins. Assn.,* 132 Tex. 237, 123 S.W.2d 322 (1938); *Commercial Standard Ins. Co. v. Cotton,* 443 S.W.2d 423 (Tex.Civ.App.—Eastland 1969, writ refused).[1]

■ Following these definitional guidelines, it seems clear that a petition for certiorari, like a writ of error in Texas practice, is an "appeal," albeit a discretionary one. *Hart v. State,* supra. Cf. 28 U.S.C. U.S.S.Ct. Rules 11, 19, 23; *Durham v. United States,* 401 U.S. 481, fn. at 483, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971). To say that review by certiorari does not constitute an appeal is to make a distinction without substance, since such a review necessarily involves an attempt to persuade a superior court to correct the error of a lower court.

■ It is equally clear that the forgery case now before us is a criminal case: It is an action instituted to secure a conviction and punishment for crime. *Ex Parte Wolters,* supra. And, like other criminal cases, it continues to be such while it is pending on appeal in this Court, since, as we held in *Cuellar v. State,* 521 S.W.2d 277, 280 (Tex. Cr.App.1975):

"An action or suit is pending from its inception until the rendition of final judgment. A cause is pending until mandate is issued from this Court."[2]

The only remaining question is whether an action continues to be a criminal case while it is being appealed by certiorari from this Court to the Supreme Court.

■ A petition for certiorari in the Supreme Court is an effective bar to the finality of a judgment of this Court; this is true because, if certiorari is granted and this Court's judgment is reversed or otherwise

---

1. It would appear, then, that these two terms have acquired "technical or particular meanings" which are quite similar to their meanings in common usage, Art. 5429b–2, Sec. 2.01, Vernon's Ann.Civ.St. See Webster's New International Dictionary of the English Language (2d Ed. Unabridged 1944), pp. 129, 415, 626.

2. We are aware that in *Cuellar* the issue was the meaning of the term "pending." However, it can not be doubted that an action continues to be a criminal case for as long as it is "pending," and, conversely, that when a cause is no longer pending, it ceases to be a "criminal case."

modified, the judgment of the Supreme Court is binding upon this Court. *Martin v. Hunter's Lessee,* 1 Wheat. (14 U.S.) 304, 4 L.Ed. 97 (1816); *Cohens v. Virginia,* 6 Wheat. (19 U.S.) 264, 5 L.Ed. 257 (1821); *Ableman v. Booth,* 21 How. (62 U.S.) 506, 16 L.Ed. 169 (1859); *Oregon v. Hass,* supra. Therefore, a criminal case which is pending in the Supreme Court is still pending as a criminal case as far as the parties and this State's courts are concerned, since the Supreme Court can act to overrule the finality of the State judgment.

█ It follows that a petition for certiorari in the Supreme Court in a case such as the one before us is an appeal of a criminal case; such appeals are expressly forbidden by Art. 5, Sec. 26 of the Texas Constitution and can no longer be allowed.

We reiterate that we do not challenge the Supreme Court's holding in *Texas v. White,* supra; rather, we accord it its full binding effect. *Martin v. Hunter's Lessee,* supra; *Cohens v. Virginia,* supra; *Ableman v. Booth,* supra; *Oregon v. Hass,* supra. However, we do hold as a matter of Texas criminal procedure that the State is, in the future, precluded from appealing a criminal case—by certiorari or otherwise—from this Court to the United States Supreme Court. Cf. *Duncan v. Tennessee,* 405 U.S. 127, 92 S.Ct. 785, 31 L.Ed.2d 86 (1972); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

The Supreme Court's holding in *Oregon v. Hass,* supra, does not provide authority to the contrary. In that case, the Court merely held that a state may have standing in the Supreme Court to challenge a decision by its highest court in favor of a criminal defendant, provided the decision is based solely on federal constitutional law. *Oregon v. Hass,* supra, 420 U.S. at 720, 95 S.Ct. 1215.

We have no quarrel with this holding. Were it not for Article 5, Section 26, of our Texas Constitution, the holding in *Hass* would be wholly applicable to cases appeal-

ed from this Court. The fact remains that the State of Texas may not violate its own Constitution, and, since our Constitution provides that the State may not appeal a criminal case, the standing issue is, quite simply, never reached.

It is important to emphasize that we are bound by our own Constitution and by our duty to uphold its provisions. Accordingly, we hold that the State may not in any manner appeal a criminal case from this Court to the Supreme Court of the United States.

### III.

Despite the Supreme Court's binding decision in this case, it has been suggested that this Court may still hold the search invalid under applicable Texas law. See *Texas v. White,* supra, 423 U.S. at 72, 96 S.Ct. 304 (Marshall, J., dissenting), relying upon *Oregon v. Hass,* supra, 420 U.S. at 726, 95 S.Ct. 1215 (Marshall, J., dissenting). Cf. *Butler v. State,* 493 S.W.2d 190 (Tex.Cr. App.1973); *Olson v. State,* 484 S.W.2d 756, 759 *et seq.* (Tex.Cr.App.1972) (Opinion on Appellant's Motion for Rehearing).

█ We do not reach this question. The appellant's sole reliance in the trial court was on cases construing the Fourth Amendment to the United States Constitution— specifically, *Preston v. United States,* 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), and *Chambers v. Maroney,* supra.[3] At no time during the trial of this case did the appellant urge that Art. I, Sec. 9, of the Texas Constitution supported his motion to suppress.

█ It is fundamental that the grounds for reversal urged on appeal must comport with the objections made at trial. See, e. g., *Smith v. State,* 513 S.W.2d 823, 830 (Tex.Cr.App.1974); *Campbell v. State,* 521 S.W.2d 636, 637 (Tex.Cr.App.1975). Otherwise, nothing is presented for review.

---

3. Similarly, in his brief on direct appeal, appellant's reliance was upon *federal* constitutional law. Appellant has filed no brief in this Court since the Supreme Court's opinion in *Texas v. White,* supra.

*Smith v. State,* supra; *Campbell v. State,* supra.

This rule extends to allegations of constitutional error. *Foreman v. State,* 505 S.W.2d 564, 566 (Tex.Cr.App.1974).

We therefore hold that appellant is precluded from asserting Art. I, Sec. 9, of the Texas Constitution as grounds for holding the search invalid. And, since the Supreme Court has held this search valid for Fourth Amendment purposes, appellant's contention that the search was invalid must be overruled.[4]

The judgment is affirmed.

ODOM and GUPTON, JJ., concur only in parts I & III.

ONION, Presiding Judge (concurring).

I concur as to Parts I and II of the opinion by Judge Roberts. As to Part II, I would point out that Texas not only has a constitutional provision prohibiting the State's right of appeal in a criminal case, Article V, § 26, Texas Constitution, but a statutory admonishment to the same effect. Article 44.01, Vernon's Ann.C.C.P. By statute Georgia also has a similar absolute bar to the State's right of appeal in a criminal case. Ga.Code Ann., § 6–901 (1967). Texas and Georgia are the only states with such prohibitions.

It does not appear that the District Attorney nor the appellant called the state policy embodied in the Texas Constitution and statutes to the attention of the United States Supreme Court prior to their decision in *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975), and I cannot construe such decision, which is silent as to such matter, as authorizing an appeal to the United States Supreme Court by the State despite the state constitutional provision and statutory admonishment, even if the decision is based solely on federal constitu-

tional law. Thus, like Judge Roberts, I agree that *Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975), is not authority to the contrary in light of our Constitution and statutes.

DOUGLAS, Judge (concurring in part and dissenting in part).

I concur in the affirmance of the conviction but dissent to the language not necessary to the opinion that would in effect have the Constitution of Texas overrule the Constitution of the United States. At least a plurality of this Court would attempt to forbid the State of Texas from exercising a federal constitutional right in the future.

On original submission in the present case the conviction was set aside on the ground that a Fourth Amendment right of White had been violated. *White v. State,* 521 S.W.2d 255 (Tex.Cr.App.1975). There were two dissents. If there had been no federal question involved, the Supreme Court of the United States would not have had jurisdiction. Since the federal question had been decided, that Court heard the case and set aside the reversal because such federal question had been answered erroneously against the State.

It should not have to be explained that when a federal question is involved the Constitution of the United States controls over the Constitution of the states.

The Supremacy Clause in Article VI of the United States Constitution provides:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be found thereby, any Thing in the Constitution or

---

4. Appellant's remaining contentions are overruled in part IV of this opinion. They add nothing to the jurisprudence of this State and will not be published. See *Thompson v. State,* 514 S.W.2d 275, 278, n. 2 (Tex.Cr.App.1974). These contentions are: that there was a fatal variance between the indictment and the proof;

that the check made the basis of the information should have been reproduced in the court's charge; that the appellant should have been allowed to display the check to the jury during his closing argument; and that the prosecutor commented on the appellant's failure to testify.

Laws of any State to the Contrary notwithstanding."

This provision is self-explanatory.

To hold that a state cannot appeal when it has been denied a federal right would be like holding that a defendant could not appeal to the Supreme Court of the United States if a state constitution prohibited such an appeal.