Tavera v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-003-CR

     MAURILIO TAVERA,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 6112
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Maurilio Tavera of the offense of knowingly causing serious bodily injury
to a child and sentenced him to ten years' probation. We affirm that conviction.
      Maurilio and Mirna Tavera had four children—Luis, Elida, and twins, Miguel and Manuel. 
Manuel began to suffer from severe health problems when he was about one-month old. On a
routine visit, a Department of Human Services worker noticed that Manuel had significant bruises
and that his head was much larger than his twin brother's, even though they were otherwise the
same size. He was taken to the hospital where the doctors discovered that his brain was bleeding,
bruised, and swollen. Shunts were inserted into his skull to drain off excess fluid. Approximately
two months after Manuel had been in the hospital for surgery, he was taken back because he was
having trouble breathing. He later died of pulmonary problems that were the result of his head
and brain injuries. At the time of his death, he was four-months old. An autopsy determined the
cause of death was "homicide." Maurilio Tavera was charged with intentionally causing serious
bodily injury to Manuel by violently shaking him. 
      Tavera appeals on two grounds: insufficiency of the evidence and erroneously admitted expert
testimony. He first alleges that the State failed to prove each element of the crime beyond a
reasonable doubt, that the evidence is insufficient to support a guilty verdict, and that the evidence
is insufficient to satisfy the conviction as authorized by the charge. Evidence will sustain a
conviction if, viewing it in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Geesa v. State, 820
S.W.2d 154, 156-157 (Tex. Crim. App. 1991). Tavera first asserts that the state did not prove
that the shaking caused the injury nor that the injury was caused purposely. He claims that the
medical experts did not testify with certainty about the cause of Manuel's injuries. 
      Dr. Charles Odom, a Dallas County Medical Examiner who performed the autopsy on
Manuel, testified that, in his medical opinion, severe shaking caused the craniocerebral trauma. 
He also testified that other possibilities for the injuries were blows to the head or a fall on an
unyielding surface. Dr. Dennis Schellhase, who attended Manuel at Scott and White Hospital,
testified that, "usually, the kind of trauma that causes the bleeding that we saw on the CT scan is
due to shaking or direct trauma." He also said that it would have had to have been vigorous
shaking. Mirna Tavera testified that Tavera had caused the injuries and had shaken and hit
Manuel several times in her presence, starting when he was approximately one-month old. Tavera
himself testified that the baby had never fallen out of a crib or off a table. We hold that a rational
trier of fact could have found that the shaking caused the infant's injuries beyond a reasonable
doubt. See id.
      Addressing the assertion that the state failed prove that Tavera intentionally caused the injury,
we believe that it is reasonable for a jury to infer intent because it knows that when an adult
violently shakes a one-month-old infant the adult is aware that it will cause injury to the baby.
      Tavera next asserts that the state failed to prove beyond a reasonable doubt that the offense
occurred in Falls County. The State must prove venue by only a preponderance of the evidence. 
Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 1977); Black v. State, 645 S.W.2d 789, 790
(Tex. Crim. App. 1983). Proof of venue may be demonstrated by either direct or circumstantial
evidence. Id. Tavera testified that he lived in Marlin. His landlord, Richard Hancock, said that
he lived there with his wife and children. Mirna Tavera testified that Tavera shook and hit Manuel
in their home. Theresa Berru, a public health nurse for the Texas Department of Health, stated
that she visited the family in their home in Marlin, which is in Falls County. We hold that the
State proved the offense occurred in Falls County by a preponderance of the evidence. See Black,
645 S.W.2d at 790. Points one through three are overruled.
      Tavera next complains that the court erred in allowing expert testimony from Dr. Ramon
Aleman, who testified about the typical behavior patterns in a Mexican family and the superstitious
belief in the "evil eye." Rule 52(a) of the Rules of Appellate Procedure states in part:
In order to preserve a complaint for appellate review, a party must have presented to the
trial court a timely request, objection or motion, stating the specific grounds for the
ruling he desired the court to make if the specific grounds were not apparent from the
context. It is also necessary for the complaining party to obtain a ruling upon the party's
request, objection or motion.
Tex. R. App. P. 52(a). To avoid forfeiture of a complaint on appeal, a party must let the trial
judge know what he wants, why he is entitled to it, and he must do so at a time when the court is
in a position to do something about it. Id. When a party fails to effectively communicate his
desire, a reviewing court should not hesitate to hold that the complaint arising from the event has
been lost. Lankston v. State, No. 1094-90, slip op. at 2 (Tex. Crim. App. March 4, 1992). For
an objection to be timely, it must be before the evidence is admitted, if possible, and must state
the specific basis. Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). The
objection must be made each time the inadmissible evidence is offered, with two exceptions: (1)
a "running objection" and (2) an objection outside of the presence of the jury to all testimony
deemed objectionable. Id. at 858-859.
      The specific point of error is that the trial court erred in allowing Ramon Aleman to testify
as an expert witness. Tavera complains that, because the testimony offered was prejudicial only
and was of no appreciable aid to the jury, it should have been excluded under Rule 403 of the
Texas Rules of Criminal Evidence. See Tex. R. Crim. Evid. 403. He also asserts that it should
have been excluded under Rule 404 because the testimony only showed that Tavera was acting in
conformity with a stereotype. See id. at 404.
      During the trial, the judge held a hearing outside the presence of the jury to determine the
admissibility of Dr. Aleman's testimony. The following dialogue occurred during the course of
that hearing:
THE COURT: And your objection?
MR. GAVITO: Your Honor, my objection first of all is that he's not qualified. What
he said, I could say the same thing. My parents came across and my parents were down
there longer. I lived in Mexico. I've got just as much to do — but I couldn't claim
myself to be an expert on the Mexican culture, and I probably have more ties than he
does. I mean —
The court then asked Mr. Gavito what he thought it takes to be an expert, and Mr. Gavito listed
the qualifications he felt were necessary. The dialogue continued:
      THE COURT: Any other objections? Your objection will be overruled.
MR. GAVITO: Okay. I have one other then. I also — Mr. Tavera has been declared
an indigent, Your Honor, and if they are going to use some Mexican expert, then I would
need time to find my own and I would need the resources to find my own. . . .
The remainder of the objection contained a discussion of the merits of calling a similar witness on
behalf of Tavera. 
      Dr. Aleman was then called as a witness and sworn in before the jury. During the course of
his testimony, the only objections made were (1) that a question was leading and (2) that the only
readings Dr. Aleman had were personal readings. The prejudicial nature of the testimony was
never mentioned. The lack of probative value was never raised. That the evidence could show
Tavera acted in conformity with a stereotype was never brought up. No running objection on
these matters was requested. 
      The trial judge cannot be expected to rule on a matter which is never brought to his attention. 
See Lankston, No. 1094-90, slip op. at 2. Because the objection made does not comport with the
point on appeal, we hold that the error was waived and nothing is presented for our review. See
Sharp v. State, 707 S.W.2d 611, 619 (Tex. Crim. App. 1986); White v. State, 543 S.W.2d 366,
369 (Tex. Crim. App. 1976); Bouchillon v. State, 540 S.W.2d 319, 322 (Tex. Crim. App. 1976). 
We overrule point of error four. 
      The judgment is affirmed.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 13, 1992
Do not publish


      Appellant's second point of error is as follows:
The trial court erred in allowing the introduction of damaging medical evidence without
a supporting witness denying Appellant his right to confront his accusers under the Sixth
Amendment to the United States Constitution.

      Appellant does not contest the authenticity of the records of Houston Northwest Medical
Center included in State's Exhibit No. 13. Rather, his complaint is the absence of the examining
physician to explain his entries in the records. In the trial court, counsel for the defense stated the
objection as follows:
Well, my only problem, Judge, is some of these things—I'd like the chance to question
somebody about the entries made here. I don't have any medical expert to testify on my
side. And basically my only problem with this report, if we could have somebody on
hers, who examined the patient, if we could have her allow me to ask some questions
about the report, . . .

. . .
 
[T]he problem is that rule allows you not to call the medical records custodian, which I
agree with. The only thing is the records can't be testified about unless we have some
medical expert to testify about the records . . . . I have no problem with dispensing of
[sic] the custodian having to come in, which I think is the purpose of the rule. My only
problem would be if we don't have somebody to testify what these records mean, then
I'm not given a chance to cross-examine them with respect to the entries made. That's
the problem. So Mr. Knight would be denied his confrontation.

. . .
 
Our objection is—we have no objection that this is [not] an authentic document. But we
have an objection, since it's my understanding that the State won't have a supporting
witness to testify about the examination, because this witness is unavailable. And the
witness is under subpoena, which we're entitled to rely on as a defense, and that we
would ask that the evidence not be put before the jury until and unless that witness who
did the examination or was present during the examination is here to testify. Because
among other things, it denies Mr. Knight his right of confrontation of the witnesses
against him. Because when this report comes in and we can't cross-examine anybody
about how the report was done and the entries made, he's denied his right to confront his
accusers; because we can't cross-examine the document.

      The record is clear that Appellant did not object to State's Exhibit No. 13 on the basis of its
authenticity. Rather, his entire complaint was that the examining physician had not been called
to testify as a witness for the State.
      State's Exhibit No. 13 was a record of regularly conducted activity, as provided for in Tex.
R. Crim. Evid. 803(6), and the trial judge did not err in admitting it into evidence. The affidavit
accompanying the records complied with the form included in Tex. R. Crim. Evid. 902(10).
      The absence of the examining physician who made the actual entries did not violate
Appellant's Sixth Amendment right to confront the witnesses against him. The United States
Supreme Court wrote in White v. Illinois, U.S. , 112 S.Ct. 736, 743 (1992), that "where
proffered hearsay has sufficient guarantees of reliability to come within a firmly rooted exception
to the hearsay rule, the Confrontation Clause is satisfied." This is because "a statement that
qualifies for admission under a `firmly rooted' hearsay exception is so trustworthy that adversarial
testing can be expected to add little to its reliability." Id.
      Furthermore, if the physician had been subpoenaed, as defense counsel said ("And the witness
is under subpoena, which we're entitled to rely on . . . "), the defense could have requested a writ
of attachment from the court. See Tex. Code Crim. Proc. Ann. art. 24.12. According to the
express terms of Tex. Code Crim. Proc. Ann. art. 24.03(a):
. . . When a witness has been served with a subpoena, attached or placed under bail at
the instance of either party in a particular case, such execution of process shall inure to
the benefit of the opposite party in such case in the event such opposite party desires to
use such witness on the trial of the case, provided that when a witness has once been
served with a subpoena, no further subpoena shall be issued for said witness.

The Court of Criminal Appeals wrote in Erwin v. State, 729 S.W.2d 709, 713 (Tex. Crim. App. 
1987):
 
Once the State has a subpoena served, Art. 24.03, supra, precludes the defendant from
serving the same witness. When the State subpoenas a witness that the defendant wishes
to call, the defendant has no choice but to rely on the State's subpoena. If a witness is
served and fails to appear, either side is entitled to a writ of attachment.

See also Bowser v. State, 816 S.W.2d 518, 520-21 (Tex. App.—Corpus Christi 1991, no pet.).

      Therefore, Appellant could easily have cured his complaint about the absence of the
subpoenaed physician by simply requesting a writ of attachment. In his brief, Appellant does not
claim that he ever made such a request.
      In sum, Appellant's Sixth Amendment confrontation right was not abridged by the State's
failure to call the examining physician to testify since his report was admissible under a well-established exception to the hearsay rule. Furthermore, Appellant could have asked for a writ of
attachment for the physician, which he failed to do.
      Appellant's second point of error is overruled.
      By his third point of error, Appellant contends that the trial court erred in "allowing the State
to go after the Appellant over the shoulder of Defense Counsel."
      Appellant asserts the trial court erred in overruling his objection to the following comments:
[PROSECUTOR]: And I think it's reproachable the way that she's been treated in this
courtroom and the insinuations that she had to go through.
 
[DEFENSE COUNSEL]: I object to that, Judge.
 
THE COURT: That will be overruled.
 
[DEFENSE COUNSEL]: My objection, Judge, is she is trying [sic] [striking?] the
defendant over the shoulder of the defense lawyer.
 
THE COURT: That will be overruled.

      It is improper for the State to strike at the accused over the shoulder of his counsel. However,
the comment of the prosecutor in question that the victim had been treated in a "reproachable"
manner in the courtroom and had been the subject of "insinuations" is, in our opinion, not
erroneous; however, if it did constitute error, such was harmless beyond a reasonable doubt. Tex.
R. App. P. 81(b)(2).
      Appellant's third point of error is overruled.
      In Appellant's fourth and final point of error, he argues that the trial court erred in allowing
the State to "continue to shift the burden of proof onto Appellant."
      Appellant complains of the following State's jury argument at the guilt stage:
 
[PROSECUTOR]: There is blood on the bed. There is blood on her shirt. And you can
bet that if there was anything about that blood that would have let this man off the hook,
that defense attorney would have brought that in here because, you know—
 
[DEFENSE COUNSEL]: Judge, there is a shift in the burden of proof. The State has
the burden of proof. In fact, the charge says the defense doesn't have to present any
evidence. She's trying to shift the burden.
 
[PROSECUTOR]: I'll restate that. Ladies and gentlemen, I do have the burden of proof,
and it's true he doesn't have to do anything in this courtroom to convince you otherwise. 
But the funny thing is that when they do decide to start putting on evidence, you as a jury
get to decide what evidence it is that they brought you and what evidence it is that they
didn't bring you. And in this case they decide to bring you the defendant and his mom
and his other brother. What they didn't decide to bring you is the blood test results,
which they could have.
 
[DEFENSE COUNSEL]: Object again, Judge, for the same reason. This is trying to
put the burden on the defense instead of on the State where it belongs.
 
THE COURT; Objection is overruled.

      Appellant argues that these remarks improperly shifted the burden of proof onto himself. 
However, as a general rule, the State may comment on the failure of a defendant to call witnesses. 
McDuffie v. State, 854 S.W.2d 195, 217 (Tex. App.—Beaumont 1993, pet. ref'd), citing Montoya
v. State, 744 S.W.2d 15, 36 (Tex. Crim. App. 1987), cert. denied, 487 U.S. 1227, 108 S.Ct.
2887, 101 L.Ed.2d 921 (1988). Further, this argument may be accompanied by an inference that
the absent testimony would have been material and harmful to the defendant's position. Kerns v.
State, 550 S.W.2d 91, 96 (Tex. Crim. App. 1977).
      We overrule Appellant's fourth point of error.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed June 8, 1994
Do not publish