ROBERT TUCKER v. THE STATE.

No. 15687.   Delivered March 8, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 156.

The opinion states the case.

*Tom C. Lindsay,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

Officers Johnson and Little possessed a warrant to search

the appellant's house. The following is the substance of Johnson's testimony: Upon approaching the house, the witness and Little saw a boy run out on the gallery. Little caught the boy and took some whisky from him. The other boy, when pressed, threw a bottle against the cookstove and broke the bottle. The noise of breaking glass was heard in a room in the house. Johnson rushed into the room and saw the appellant with a large jug or jar from which he was pouring whisky. As the officer entered the room, the appellant fell across the bed and pretended to be asleep. There was considerable whisky on the floor. The total amount of whisky destroyed while the officers were there was estimated to be about two gallons.

According to Little, he followed Johnson into the appellant's room and saw him lying across the bed. He also saw in the possession of the appellant's wife a bottle with about three inches of whisky in it. She fled and was pursued by Little. She broke the bottle on the stove. From one of the boys mentioned Little took a pint of whisky. The other boy had a gallon jug with whisky in it and broke the jug on the stove.

One of the boys was a son of the appellant, and gave testimony in substance as follows: He had found some whisky which had been hidden in the neighborhood and which he promised to divide with another boy. The whisky was about 300 yards from the appellant's house. In dividing the whisky the boy put part of it in two one-gallon jugs. He testified that the total amount of whisky was about three pints. The other boy, Johnnie Pierce, gave testimony corroborating Robert Tucker, Jr., as to the quantity and disposition of the whisky and the finding of it. Both boys testified that at the time the officers raided the house the appellant was asleep. It appears that the appellant had been plowing in the morning and that he returned to the house about ten o'clock, which was apparently not long before the raid was made. According to the officers, at the time of the appellant's arrest, he was lying across the bed, fully dressed and with his shoes on. No testimony was given by either the appellant or his wife.

The state's attorney and the district attorney have both filed a brief in the case, but we find none for the appellant. There are no legal questions involved, and, the facts being sufficient to support the verdict, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant, through his attorney, files a motion for rehearing, in which he refers to the fact

that in our former opinion we stated that no brief was on file for the appellant. He correctly insists that a brief was on file, and wants us to review the record in the light of his brief. This has been done, but we are not led to change our minds as to the sufficiency of the testimony.

The motion for rehearing will be overruled.

*Overruled.*