## EX PARTE JUAN PUENTE AND A. H. JIMINEZ

Nos. 30,006-30,007. June 25, 1958.

*Jacob G. Hornberger* and *John E. Fitzgibbon,* Laredo, for relators.

*E. James Kazen,* District Attorney, Laredo, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The above cases have been consolidated.

On June 11, 1958, applications for writ of habeas corpus were presented to the Presiding Judge of this court alleging that petitioners were illegally restrained of their liberty by virtue of an order issued out of the 49th District Court of Webb County holding them in contempt. By order dated 3:30 P.M., June 11, the said judge set a hearing for June 18, 1958, to determine whether the clerk of this court should issue the writ, and, pending such hearing, the sheriff of Webb County was directed to release petitioners upon their giving proper bond, and the clerk of this court was instructed to so inform the sheriff by telephone. Our state's attorney and the district attorney of Webb County move to dismiss petitioners' application and attach to said motion the affidavits of the sheriff and the deputy district clerk of Webb County.

The sheriff swore that petitioners came into his custody at 3:40 P.M. on said date by virtue of a verbal order of the judge of said court and were by him released at 4:05 P.M. upon receipt of a communication from the clerk of this court.

The deputy district clerk swore that he received the order from the district judge at 4:32, filed the same, and issued the commitment thereafter.

It is apparent from these affidavits that at the time the ap-

plications were presented to us and acted upon petitioners were not in custody.

"The writ of habeas corpus lies only where the applicant is actually restrained or deprived of liberty."

21 Texas Juris., Sec. 5, p. 378, and the cases there cited.

While it is clear that the purpose of the hearing was to develop evidence concerning violations of the criminal laws, yet the Election Code, Article 9.02 of which authorizes the hearing, is a civil statute which has been construed by at least one Court of Civil Appeals. Since a challenge as to the constitutionality of said article has been made, we deem it appropriate to say, as we did in Ex parte Jones, 163 Texas Cr. Rep. 475, 294 S.W. 2d 111, that in the event of further applications for writ of habeas corpus by relators attacking the validity of the commitment, this court will exercise jurisdiction only upon a showing that the civil courts have declined to pass upon legality of the confinement of relators under the contempt decree.

Application for writs of habeas corpus is denied.

In view of the fact that we decline to take jurisdiction, no motion for rehearing will be entertained.