**Michael John SHORT, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 793–96.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 18, 1996.

---

14 ■

Greg Westfall, Fort Worth, for appellant.

Elizabeth A. Martin, Assistant District Attorney, Fort Worth, Matthew Paul, State's Attorney, Austin, for State.

---

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

On March 22, 1995, appellant was convicted before a jury of two counts of aggravated assault and sentenced to eight years of confinement for each count. Notice of appeal was filed on March 23, 1995 pursuant to Tex.R.App.Pro. 41(b).

On February 29, 1996, the Fort Worth Court of Appeals affirmed the conviction and subsequently denied appellant's motion for rehearing. On May 21, 1996, appellant filed

a petition for discretionary review with this court which was granted on August 28, 1996.

On June 7, 1996, however, appellant escaped from custody in a Tarrant County jail. On September 3, 1996, the State filed a motion to dismiss the appellant's appeal pursuant to Rule 60(b) of the Texas Rules of Appellate Procedure accompanied by an affidavit stating that, as of the date of the affidavit, appellant has neither voluntarily returned to custody nor been recaptured.

Rule 60(b) of the Texas Rules of Appellate Procedure provides that an appellant's appeal *"shall be dismissed* on the State's motion, supported by affidavit, showing that appellant has escaped from custody pending the appeal and. that to affiant's knowledge has not voluntarily returned to lawful custody within the State within ten days after escaping." (Emphasis added).

The State's accompanying affidavit shows that appellant 1) escaped from custody, 2) pending an appeal,[1] and 3) has not voluntarily returned to lawful custody within ten days after escaping. While appellant escaped from custody after his appeal to the intermediate court was final, his disappearance occurred after his petition for discretionary review was pending in this Court. Although this Court has the discretion to grant or refuse appellant's petition, the filing of appellant's petition constitutes an "appeal" for purposes of Rule 60(b).[2]

Based on the foregoing facts and the mandatory language of Rule 60(b), appellant's petition for discretionary review is hereby dismissed.

WHITE, J., not participating.

---

1. Appellant filed a petition for discretionary review with this Court on May 21, 1996, and subsequently escaped from custody on June 7, 1996.

2. Black's Law Dictionary defines "appeal" as a "resort to a superior court to review the decision of an inferior court to administrative agency." 96 (Rev.6th Ed. 1990).