**Ex Parte Philip Daniel TAYLOR, Appellant.**

**No. 652–00.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 28, 2001.

---

Brian W. Wice, Houston, for appellant.

Jeffrey L. Van Horn, Asst. State Atty., Austin, Margaret U. Lalk, Asst. DA, Bryan, Matthew Paul, State's Atty., Austin, for the State.

PER CURIAM.

After the court of appeals reversed the district court's denial of habeas corpus relief, both the State Prosecuting Attorney and the District Attorney of the 85th Judicial District filed petitions for discretionary review. We asked the parties to brief the question, whether both officials should be permitted to file petitions of behalf of

the State. We hold that the controlling statutes permit only one petition for discretionary review to be filed by the State, that a petition filed by the state prosecuting attorney is the petition of the State, and that submissions from other officials will be received in assistance of the state prosecuting attorney's petition.

Our holding is based on the Government Code, which establishes and regulates the office of state prosecuting attorney. The code establishes the duty and authority of the "state prosecuting attorney to represent the state in all proceedings before the court [of criminal appeals]." [1]

The code also establishes the authority of district and county attorneys in this court: "A district or county attorney may assist the state prosecuting attorney in representing the state before the court of criminal appeals." [2] On its face, this statute cannot easily be read to authorize a district or county attorney to file an independent petition for discretionary review in this court. Such a petition, which would be an alternative to that of the state prosecuting attorney, would not naturally be said to "assist" him.

■ Our reading of the statute is strengthened by comparison to other parts of these sections of the code. In one of the sections that we have quoted above, the code provides, "The state prosecuting attorney may assist a district or a county attorney in representing the state before a court of appeals if requested to do so by the district or county attorney." [3] In the other section, the code provides, "The state prosecuting attorney may also represent the state in any stage of a criminal case before a state court of appeals if he considers it necessary for the interest of the state." [4] These sections of the code "made it clear that the state prosecuting attorney's authority to appear in the courts of appeals is not dependent on a request from a district or county attorney." [5] The state prosecuting attorney may "assist" the local prosecutor "in representing the state" when requested, but may step in without the local prosecutor's request to "represent the state" when in his judgment it is necessary. In these parts of the same sections that we are construing, it is clear that "assisting" is a cooperative enterprise, while "representing the state" is an independent authority.

■ Therefore, we do not read the Government Code's authority for a district attorney to "assist" the state prosecuting attorney as authority to "represent the state" in an independent way that would compete with or supplant representation by the state prosecuting attorney.

■ The District Attorney rests his authority to do so on three arguments. One is that he has plenary authority to represent the State by the general grant of authority in article 2.01 of the Code of Criminal Procedure to "represent the State in all criminal cases in the district courts of his district and in appeals therefrom." He points to an earlier version of the bill that was enacted as article 2.01, which would have given the district attorney authority to represent the State only in the courts of appeals. He finds significant the amendment of the bill to give him authority to represent the State in all appeals. So do we, but we cannot attribute to this amendment an intention to authorize a district attorney to act independently of the state prosecuting attorney in this court.[6] The previous version of the bill

---

1. TEX. GOV'T CODE § 42.001(a).

2. Id. § 42.005(b).

3. Id. § 42.005(a).

4. Id. § 42.001(a).

5. Aguirre v. State, 22 S.W.3d 463, 465 (Tex.Cr. App.1999).

6. Cf. id. at 469 (Section of Government Code requiring that "all appeals from convictions in the municipal court of record must be prosecuted in the appellate court, the court of appeals, or the court of criminal appeals by

would have left only the state prosecuting attorney with authority to represent the State in this court. The amendment to the bill was a decision by the legislature that that task should not rest on the state prosecuting attorney alone. If we attributed to the legislature an intent for that amendment to make the final statement of the district attorney's authority to represent the State in this court, we would have to ignore the relevant sections of the Government Code, which were enacted by the same legislature in the same session. We would also have to ignore our duty to give effect to all the statutes if a reasonable construction will do so. And we would have to forget the maxim that special statutes control over general statutes. Reading the statutes together, we hold that they give a district attorney authority to represent the State in this court when the state prosecuting attorney chooses not to do so, but only to assist him when the state prosecuting attorney chooses to exercise his authority to represent the State.

The district attorney's second argument is based on the long practice of both the local prosecutors and the state prosecuting attorney to file briefs in this court. This practice must be put in the context of history. From 1876 to 1923, the attorney general represented the State in the Court of Criminal Appeals (and its predecessor, the Court of Appeals). A legislative act in 1923 created the office of state prosecuting attorney to represent the State before the Court of Criminal Appeals because, according to the emergency clause of the act, the docket of the court was so crowded that the one assistant attorney general who was assigned to the court could not properly brief and argue the cases submitted to the court.[7] Two attorneys for the State were at first appointed by the gover-

nor. Some dissatisfaction with the governor's appointees is reflected in the 1931 act that gave the appointment power to this Court and required that the appointees have at least five years experience in practicing criminal law.[8] The state prosecuting attorney continues to be appointed by this Court, for a two-year term.[9]

■ From 1923 to 1981, the State had almost no role in bringing an action to this court. The State had no right to appeal in criminal cases, by virtue of former section 26 of the judicial article of the state constitution. The State would only bring a case to this court in an application for an extraordinary writ, such as one of mandamus or prohibition. The State's almost exclusive role was as an appellee. The briefs of an appellee may be helpful to the court, but they are not essential. Like an omission from an appellee's brief, conflicts between two briefs for the appellee would be of little moment. Judgments will be upheld on appeal if they are correct under any provision of the law, even when the provision has not been cited by an appellee.

In 1981, when the intermediate courts of appeals gained jurisdiction of criminal appeals other than capital, the State acquired a more active role in bringing cases to this Court. It could petition this Court for discretionary review of an adverse decision of a court of appeals. For the first time in an appeal, conflicts and omissions in the State's pleadings could have significant effects on the disposition of an appeal. At the same time the statutory authority of the district attorney and the state prosecuting attorney were adjusted by statutory amendment, as we have explained above.

In 1987, when the Constitution was amended to give the State the right to

---

the city attorney" did not usurp the authority of the state prosecuting attorney to represent the State in this court).

7. Act of March 23, 1923, 38th Leg., R.S., ch. 156, 1923 Tex. Gen. Laws 335.

8. Act of May 18, 1931, 42d Leg., R.S., ch. 139, 1931 Tex. Gen. Laws 234. The emergency clause spoke of the "importance ... of increasing the qualifications of the attorney." *Id.*, § 2. The act, as amended, is now codified in Tex. Gov't Code ch. 42.

9. *See* Tex. Gov't Code § 42.001(a).

appeal, the State finally attained the full status of an appellant. Appeals and petitions for discretionary review by the State have been in much smaller numbers than those by defendants.[10]

■ The District Attorney does not, and cannot, point to any considered decision by this Court since 1981 allowing both the state prosecuting attorney and the local prosecutor to seek review in this Court. The issue may have been belatedly noticed, but it is basic and important. Appellants are not allowed to have "hybrid representation" on appeal, in which an appellant and an attorney can present independent points to an appellate court.[11] The rule is equally important for both parties.

In every appeal, such decisions must be made as whether to appeal, what to designate for inclusion in the clerk's record,[12] what to designate in the reporter's record,[13] what points to raise (for the appellant), whether to raise cross-points (for the appellee), what arguments and authorities to present, whether to confess error, whether to request argument,[14] what points to argue, whether to seek rehearing, whether to seek further review and on what grounds. Some one person must make these decisions; there cannot be conflicting decisions. The District Attorney does not point to any other court that is called on in any case to entertain conflicting decisions made by two attorneys representing one party to a lawsuit.

■ The District Attorney argues finally that he and the State Prosecuting Attorney should be allowed to file separate petitions because they have different interests: he wants to win only one case, while the State Prosecuting Attorney has to look out for all the cases of all the prosecutors of the state. We emphatically disagree. The State of Texas has only one, indivisible interest in a criminal prosecution: to see that justice is done.[15] Different lawyers doubtless have different views of how the law should be shaped to achieve that goal, but that does not give them different interests. The state prosecuting attorney has a statewide view that a local prosecutor may not have, and this doubtless explains the legislature's choice to give the state prosecuting attorney the primary authority in this court and an authority to intervene in the courts of appeals. But it does not permit the State to take different positions in the same lawsuit.

In this case the State Prosecuting Attorney has exercised his authority to represent the State in this proceeding by filing a petition for discretionary review, and it is the State's petition in this case. The District Attorney's authority is only to assist the State Prosecuting Attorney. The Court has neither granted nor refused review on the District Attorney's petition. The petition has been received by the Court as an amicus curiae brief, for the assistance it may give.[16]

KELLER, P.J., delivered a dissenting opinion in which KEASLER and HOLCOMB, JJ., joined.

JOHNSON and HERVEY, JJ., not participating.

---

**10.** In State Fiscal Year 1999, for example, defendants filed 1,856 petitions, while the State filed 203. *See* OFFICE OF COURT ADMINISTRATION, ANNUAL REPORT OF THE TEXAS JUDICIAL SYSTEM—FISCAL YEAR 1999 79 (2000). The number of cases in which the State was a petitioning party was, of course, less than 203, since in some cases two petitions were filed for the State by the State Prosecuting Attorney and the local prosecutor.

**11.** *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Cr.App.1995) (appellant's supplemental brief presented nothing for review).

**12.** *See* TEX.R.APP. PRO. 34.5.

**13.** *See id.* Rule 34.6.

**14.** *See id.* Rule 39.1.

**15.** "It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done." TEX.CODE CRIM. PROC. art. 2.01.

**16.** *Cf.* TEX.R.APP. PRO. 11.

KELLER, P.J., delivered an opinion dissenting to the order of the Court which was joined by KEASLER, and HOLCOMB, JJ.

The Court holds that the district attorney cannot file a petition for discretionary review if the State Prosecuting Attorney (S.P.A.) chooses to file one. Because I believe that the Legislature conferred upon a district attorney and the S.P.A. the authority to file separate petitions, I dissent.

## 1. Standards of Statutory Construction

A statute must be interpreted in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended.[1] In a "plain meaning" inquiry, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and usage."[2] And, "we generally presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible."[3]

When the statutory language is ambiguous or leads to absurd results that the Legislature could not possibly have intended, we may resort to extratextual sources of interpretation.[4] In conducting that inquiry, we may consider, among other matters: (1) the object sought to be attained, (2) the circumstances under which the statute was enacted, (3) the legislative history, (4) common law or former statutory provisions, including laws on the same or similar subjects, (5) the consequences of a particular construction, (6) administrative construction of the statute, and (7) the title (caption), preamble, and emergency provision.[5]

## 2. Article 2.01

The first question is whether there is statutory authorization for district attorneys to represent the State on discretionary review. Texas Code of Criminal Procedure, Article 2.01 gives district attorneys the authority and duty to represent the State in appeals: "Each district attorney shall represent the State in all criminal cases in the district courts *and in appeals therefrom,* except in cases where he has been, before his election, employed adversely" (emphasis added). The key issue is what the statute means by "appeal." If discretionary review is a form of appeal under the statute, then Article 2.01 would authorize a district attorney to represent the State before this Court on discretionary review.

Here, the word "appeal" could have one of two possible meanings under the language of the statute: (1) direct review by the appellate court of first resort, or (2) review of a lower court's decision by a higher court. The first definition would limit "appeals" in criminal cases to direct review of cases by the court of appeals in non-death penalty situations and to direct review of death penalty cases by this Court. The second definition would include those situations but would also include discretionary review before this Court and writs of certiorari before the

---

1. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

2. Tex. Gov't.Code § 311.011(a); *Sanchez v. State,* 995 S.W.2d 677, 683 (Tex.Crim.App. 1999).

3. *Whitelaw v. State,* 29 S.W.3d 129, 131 (Tex. Crim.App.2000).

4. *Boykin,* 818 S.W.2d at 785.

5. Tex. Gov't Code § 311.023; *Brown v. State,* 943 S.W.2d 35, 38 (Tex.Crim.App.1997). This provision is part of the "Code Construction Act," which applies to the Code of Criminal Procedure, at least to the extent it has been amended or reenacted by the 60th or subsequent legislature. Tex. Gov't Code § 311.002(2); *Postell v.. State,* 693 S.W.2d 462, 464 (Tex.Crim.App.1985).

United States Supreme Court.[6] Because the language of the statute is ambiguous, resort to extratextual sources is required for interpretation.

Before September 1, 1981, the Court of Criminal Appeals was the only court to hear appeals in criminal cases.[7] Under the Texas Constitution and Article 44.01 of the Code of Criminal Procedure, the State was expressly denied the right to appeal criminal matters.[8] In *Faulder v. Hill,* we confronted the issue of whether a petition for writ of certiorari to the United States Supreme Court constituted an "appeal" for the purpose of the Texas Constitutional provision denying the State the right to appeal.[9] This Court had reversed Faulder's conviction, and the State filed a motion to stay proceedings so that it might seek review by way of *certiorari* in the United States Supreme Court.[10] The defendant sought a writ of prohibition from this Court to prevent the State from seeking such review.[11] The defendant contended that the State was barred by the Texas Constitution from filing a petition for writ of *certiorari* because such a petition would constitute an "appeal."[12] While the case produced a fractured decision, with a plurality opinion and several concurring and dissenting opinions, all of the judges ex-cept Judge Dally agreed that a petition for writ of *certiorari* constituted an "appeal."[13] The lead opinion observed:

> The plurality *dictum* expressed in *White v. State, supra,* [543 S.W.2d 366 (Tex.Cr. App.1976)] correctly concluded, and respondent does not dispute, that a case such as this one is a criminal case, and that review of the case, whether denominated an appeal, a writ of error, a writ of certiorari, or any other name, is still an appeal.[14]

In 1981, the people of Texas and the Legislature comprehensively revised appellate jurisdiction involving criminal cases. In accordance with constitutional amendments, the courts of civil appeals were renamed the "courts of appeals," first-level appellate jurisdiction over non-death penalty criminal cases was transferred from the Court of Criminal Appeals to the courts of appeals, and the Court of Criminal Appeals was given discretionary review jurisdiction over the decisions of courts of appeals in criminal cases.[15] At about the same time, the Legislature amended Article 44.01 to permit the State to obtain discretionary review in a round-about fashion:

**6.** Support for the latter definition can be found in *Short v. State,* 929 S.W.2d 13, 14 & 14 n. 2 (Tex.Crim.App.1996)(citing Black's Law Dictionary definition and holding that a petition for discretionary review constitutes an "appeal" for the purpose of former Rule of Appellate Procedure 60(b), regarding the effect of an escape from custody on a pending appeal).

**7.** Tex. Const., Art. 5, § 5 (1980).

**8.** Tex. Const., Art. 5, § 26 (1980)("The State shall have no right of appeal in criminal cases."); Tex.Code Crim. Proc., Art. 44.01 (1980)("The State shall have no right to appeal in criminal actions").

**9.** 612 S.W.2d 512 (Tex.Crim.App.1980).

**10.** *Id.* at 513.

**11.** *Id.*

**12.** *Id.*

**13.** *Id.* at 514 (plurality opinion)(State could nevertheless file the petition because the Texas Constitutional provision did not apply outside the state system); *Id* at 516 & 516 n. 1 (Roberts, J. concurring and dissenting); *Id.* at 518–519 (Onion, P.J. dissenting); *Id.* at 525 (Clinton, J. dissenting). *Contrast with Id.* at 516 (Dally, J. concurring) & 526–528 (Dally, J. concurring on motion for rehearing).

**14.** *Id.* at 514.

**15.** Texas Const., Article 5, § 6, 1980 amendment proposed by Acts 1979, 66th Leg., p. 3224, S.J.R. No. 36, § 5, effective Sept. 1, 1981 (renaming the intermediate appellate courts and conferring criminal jurisdiction); Texas Const., Article 5, § 5, 1980 amendment proposed by Acts 1979, 66th Leg., p. 3224, S.J.R. No. 36, § 4, effective Sept. 1, 1981

The State shall have no right of appeal in criminal actions. However, this statute shall not be construed to prevent the State from petitioning the Court of Criminal Appeals to review a decision of a court of appeals in a criminal case, on its own motion.[16]

The language "on its own motion" appears to be a recognition that the Texas Constitution prevented the State from invoking our discretionary review jurisdiction with a petition.[17] The Legislature was presumably aware of our prior caselaw holding that petitions for writ of *certiorari* were "appeals" and it could have readily inferred that a petition for discretionary review, which was much like petition for writ of *certiorari,* would likewise be considered an appeal. Although the 1981 constitutional amendments produced dramatic changes in the criminal appellate process, no change was made in the constitutional provision barring the State from prosecuting an appeal. Because of constitutional constraints, then, the Legislature could only authorize the State to suggest to this Court that we review something on our own motion. In response to a defendant's claim that the new language in Article 44.01 violated the Texas Constitution, we stated that "the Legislature recognized the prohibition imposed by Article V, Section 26, and sought to make it clear that discretionary review, when granted, was on its (this Court's) own motion."[18]

Article 2.01 and Article 44.01 were amended in the same bill.[19] If the Legislature contemplated, as it appears to have done, that "appeal" under Article 44.01 included a petition for discretionary review, it seems logical to conclude that the Legislature also contemplated that "appeals" under Article 2.01 included petitions for discretionary review.

Other evidence of legislative intent can be found in a prior draft of the amendment to Article 2.01. The original version of the amendment would have granted district attorneys the authority to represent the State "in appeals therefrom *to the Courts of Appeals*" (emphasis added). The emphasized language was deleted from the final version of the bill. This deletion indicates the Legislature contemplated that a district attorney's authority to appeal would extend beyond proceedings before the courts of appeals. One might contend that the reference to courts of appeals was deleted so that the statute would embrace direct appeals in death penalty cases, which are handled by this Court. But the Legislature could have included a reference in the statute to death penalty appeals, along with the reference to courts of appeals, if that was truly their intent—especially in light of the Legislature's tacit recognition in Article 44.01 that discretionary review is a form of appeal.

In addition, Judge Dally's testimony in a committee hearing indicates that the amendment to Article 2.01 was designed to permit district attorneys to follow their cases to the Court of Criminal Appeals:

> Section 98 adds to provision 2.01 that district attorneys will represent the State on appeals from criminal cases in their district. This is probably unknown to many people but there has been no statutory provision for district attorneys doing what they have done, that is, following their cases on to the Court of Criminal Appeals. And this does make such a provision.[20]

I would hesitate to use this passage as unqualified support for the proposition

(changes to Court of Criminal Appeals' jurisdiction);

**16.** Texas Code of Criminal Procedure, Article 44.01 (1981); Acts 1981, 67th Leg., S.B. 265, p. 812, ch. 291, § 123, effective Sept. 1, 1981.

**17.** *Todd v. State,* 661 S.W.2d 116, 118 (Tex. Crim.App.1983).

**18.** *Id.*

**19.** Article 2.01, amended by Acts 1981, 67th Leg., S.B. 265, p. 801, ch. 291, § 98, effective Sept. 1, 1981.

**20.** SB 265, Subcommittee Hearing, House Criminal Jurisprudence Committee, April 6, 1981.

that discretionary review constitutes an appeal (although the Legislature may have so believed) because Judge Dally had taken the position elsewhere that discretionary review does not constitute an appeal.[21] Judge Dally was in the minority on this point, as will be explained further in connection with my discussion of the S.P.A. statute. But Judge Dally's committee statement does indicate that the Article 2.01 amendment was designed to legitimize a *tradition* regarding a district attorney's representation of the State. That tradition consisted of dual representation of the State by the district attorney and the S.P.A., in which both filed briefs in this Court.[22] And on at least two occasions before the 1981 changes, the district attorney and the S.P.A. advanced inconsistent positions.[23]

Other, subsequently enacted statutory provisions reinforce the idea that discretionary review constitutes an "appeal." Texas Code of Criminal Procedure, Article 1.051 refers to discretionary review as a form of appeal: the statute provides that counsel should be appointed in "an appeal to the Court of Criminal Appeals if the appeal is made directly from the trial court or if a petition for discretionary review has been granted."[24] The current version of Article 44.01, titled "Appeal by State," includes a provision that a state's petition for discretionary review is covered by the Texas Rules of Appellate Procedure.[25] This reference to discretionary review in the current version of the State's appeal statute is, as in the past version, a tacit recognition that discretionary review is a form of appeal. While subsequently enacted statutes do not carry a lot of weight in statutory construction, in this case they do show that the Legislature has consistently treated discretionary review as a form of appeal. Considering all of the above, I conclude that Article 2.01 gives district attorneys the authority to represent the State on discretionary review.

### 3. Chapter 42

Having established that Article 2.01 gives district attorneys the authority to file petitions for discretionary review, I must next determine whether another statute deprives a district attorney of that authority if the S.P.A. files a petition. Before 1981, former Article 1811 of the Texas Civil Statutes provided for a State Prosecuting Attorney to represent the State before this Court: The Court of Criminal Appeals shall appoint an attorney to represent the State in all proceedings before said Court, to be styled "State Prosecuting Attorney. . . ."[26] In 1981, in the same bill amending Articles 2.01 and 44.01, the Leg-

---

21. *Faulder,* 612 S.W.2d at 516 & 526–528; Carl E.F. Dally and Patricia A. Brockway, *Changes in Appellate Review in Criminal Cases Following the 1980 Constitutional Amendment,* 13 St. Mary's L .J. 211, 233 (1981).

22. *See Ex Parte Shivers,* 501 S.W.2d 898, 899 (Tex.Crim.App.1973); *Faugh v. State,* 481 S.W.2d 412, 413 (Onion, P.J. concurring); *Ex Parte Puente,* 166 Tex.Crim. 439, 314 S.W.2d 306, 307 (1958); *Davis v. State,* 165 Tex.Crim. 456, 308 S.W.2d 880, 883 (1958)(on rehearing); *McNaulty v. State,* 138 Tex.Crim. 317, 135 S.W.2d 987, 988–989 (1940)(on rehearing); *Tucker v. State,* 123 Tex.Crim. 527, 59 S.W.2d 156, 156 (1933); *Rice v. State,* 121 Tex.Crim. 68, 51 S.W.2d 364, 365 (1932)(on original submission by the S.P.A. and on rehearing by the district attorney). *See also* Dally and Brockway, 13 St. Mary's L.J. at 238.

23. *Faugh,* 481 S.W.2d at 413; *Rice,* 51 S.W.2d at 365 (on original submission and on rehearing).

24. Tex.Code Crim. Proc., Art. 1.051(d)(2), which became effective in 1987.

25. Art. 44.01(h), which became effective in 1987.

26. Tex. Civ. Stat., Art. 1811 (1977). The statute also provided for the qualifications, term, and removal of the State Prosecuting Attorney, as well as the appointment of Assistant State Prosecuting Attorneys. *Id.* These provisions was subsequently codified at Tex. Gov't. code §§ 42.001(a)(representing the State in all proceedings before the court), 42.001(b) (qualifications), 42.002 (oath and term), 42.003 (assistants), 42.004 (removal).

islature amended former Article 1811 by adding the following passage:

> District and county attorneys may provide assistance to the State Prosecuting Attorney in representing the State before the Court of Criminal Appeals. The State Prosecuting Attorney may provide assistance to district and county attorneys in representing the State before the Courts of Appeals when requested to do so by the district or county attorney. The State Prosecuting Attorney may also represent the State in any stage of a criminal case before the Courts of Appeals when, in his judgment, the interests of the State so require.[27]

Article 1811 was later codified in various parts of Chapter 42 of the Texas Government Code.[28]

Nothing in the language of this statute deprives district attorneys of the authority to petition this Court. The statute, by its wording, is an affirmative grant of authority to the S.P.A. to represent the State before this Court. The statute also contains an affirmative grant of authority to district attorneys to provide assistance to the S.P.A. Those affirmative grants of authority are not inconsistent with an affirmative grant of authority to district attorneys to represent the State in all appellate proceedings. In other words, the language is consistent with both attorneys having authority to represent the State before this Court.

The Court finds significant that the Government Code authorizes a district attorney to "assist" the S.P.A. and concludes that an independent petition could not naturally be said to "assist." That conclusion assumes either that a district attorney's authority to petition the Court is derived solely from the provision permitting him to assist the S.P.A. or that the "assist" clause in Chapter 42 somehow overrides the grant of authority provided by Article 2.01. Nothing in the language of Chapter 42 requires either of those propositions to be true.

In fact, the structure of the statute suggests a different answer. Regarding the S.P.A.'s representation of the State in *courts of appeals,* Chapter 42 contains two separate clauses: one permits the S.P.A. to "assist" upon request while the other allows him to "represent the State" if he decides that the interests of the State so require. That difference in wording leads to two possible conclusions about the latter clause: (1) that the S.P.A. can choose to take over the State's representation in the appeal, or (2) that he can act as an independent representative of the State before the Court of Appeals. The first interpretation creates difficulties. The statute provides that the S.P.A.'s representation may occur "*in any stage* of a criminal case before the Court of Appeals" (emphasis added). So, he is not obligated to represent the State throughout the proceedings but could "jump in" in the middle of the appellate process and "jump out" before the appeal is finished. Such drive-by representation could be disruptive if the S.P.A. suddenly jumps in to take over the case and then later jumps out, leaving the district attorney to deal with the aftermath. The more logical conclusion, based upon the language of that provision, is that the S.P.A. acts, at will, as an independent representative of the State before the court of appeals.

If the S.P.A. has both an "assist" function and an "independent representation" function at the court of appeals level, one has to wonder why the same functions would not be mirrored for district attorneys before this Court. Although Chapter 42 contains no language that could be interpreted as giving district attorneys an

---

**27.** Tex. Civ. Stat., Art. 1811 (1981); Acts 1981, 67th Leg., S.B. 265, p. 776, Ch. 291, § 30, effective Sept. 1, 1981. This passage was subsequently codified at §§ 42.001(a) (third sentence); 42.005(a) (first sentence), 42.005(b) (second sentence).

**28.** *See* citations above.

independent representation function, it does not need to: district attorneys were given that function by Article 2.01.

I observe that Judge Dally, in a law journal article, has interpreted these provisions to give the primary responsibility for representing the State to the district attorney at the court of appeals level and to the S.P.A. before our Court.[29] But this interpretation appears to be based upon his position that discretionary review does not constitute an appeal—a position from *Faulder* that he repeats elsewhere in the law journal article.[30] If the Legislature had agreed with this position, they would have given the State unqualified authority to file a petition for discretionary review instead of imposing the roundabout method placed in the 1981 revisions to Article 44.01. And, a majority of the Court in *Faulder* and *Todd* rejected this position as well.[31]

We have also recognized that longstanding judicial construction without Legislative disapproval adds force to the claim that the judicial construction was in fact correct. "When the Legislature meets, after a particular statute has been judicially construed, without changing that statute, we presume the Legislature intended the same construction should continue to be applied to that statute." [32] A judicial construction can take the form of a judicial opinion in a particular case or of a judicially-promulgated rule.[33] A custom can also be a judicial construction if it is early, longstanding, and pervasive.[34] As discussed in part 2, this Court recognized the independent filing of briefs by the district attorney and the S.P.A. as early as 1933 and the taking of inconsistent positions as early as 1932. And, those practices were still occurring at the time of the 1981 amendments. After the 1981 amendments there continued to be a consistent and pervasive practice of independent representation of the State before this Court by both the district attorney and the S.P.A., including the filing of separate petitions for discretionary review.[35] The Legisla-

29. Dally and Brockway, 13 St. Mary's L.J. at 238.

30. Dally and Brockway, 13 St. Mary's L.J. at 233.

31. *See* discussion in part 2.

32. *State v. Hardy,* 963 S.W.2d 516, 523 (Tex.Crim.App.1997)(quoting *Marin v. State,* 891 S.W.2d 267, 271–272 (Tex.Crim.App. 1994)).

33. *Hardy,* 963 S.W.2d at 523.

34. *See Wheeler Lumber, Bridge & Supply Co. v. United States,* 281 U.S. 572, 576, 50 S.Ct. 419, 74 L.Ed. 1047 (1930)("Early and long-continued usage amounting to a practical construction of a constitutional provision").

35. The following is a non-exhaustive list of cases in which this Court granted both the district attorney's and the S.P.A.'s petitions for discretionary review: *Curry v. State,* 30 S.W.3d 394, 2000 WL 1347986, *2 (Tex.Crim. App.2000); *Lopez v. State,* 18 S.W.3d 220, 222 (Tex.Crim.App.2000); *State v. Lee,* 15 S.W.3d 921, 922 n. 1 (Tex.Crim.App.2000); *Huizar v. State,* 12 S.W.3d 479, 480 n. 1 (Tex.Crim.App. 2000); *Perez v. State,* 11 S.W.3d 218, 220 (Tex.Crim.App.2000); *Mayo v. State,* 4 S.W.3d 9, 9–10 (Tex.Crim.App.1999); *Martinez v. State,* 4 S.W.3d 758, 760 (Tex.Crim.App. 1999); *Milburn v. State,* 3 S.W.3d 918, 919 (Tex.Crim.App.1999); *Fields v. State,* 1 S.W.3d 687, 688 (Tex.Crim.App.1999); *Perkins v. State,* 993 S.W.2d 116, 116 (Tex.Crim. App.1999); *State v. Munoz,* 991 S.W.2d 818, 821 (Tex.Crim.App.1999); *Weatherred v. State,* 975 S.W.2d 323, 323–324 (Tex.Crim.App. 1998); *Marin v. State,* 925 S.W.2d 720, 721 (Tex.Crim.App.1996); *Ray v. State,* 919 S.W.2d 125, 129 & 129 n. 2 (Tex.Crim.App.1996)(Overstreet, J. dissenting); *Lawhorn v. State,* 898 S.W.2d 886, 888 n. 1 (Tex.Crim.App.1995); *Jackson v. State,* 877 S.W.2d 768, 769 & 769 n. 1 (Tex.Crim. App.1994); *Gill v. State,* 873 S.W.2d 45, 46 & 46 n. 2 (Tex.Crim.App.1994); *Ramos v. State,* 865 S.W.2d 463, 464 (Tex.Crim.App.1993); *State v. Gonzalez,* 855 S.W.2d 692, 693 (Tex. Crim.App.1993); *Viveros v. State,* 828 S.W.2d 2, 3 (Tex.Crim.App.1992); *Weatherford v. State,* 828 S.W.2d 12, 13 (Tex.Crim.App. 1992); *Grimes v. State,* 807 S.W.2d 582, 583 (Tex.Crim.App.1991); *State v. Torres,* 805 S.W.2d 418, 419 (Tex.Crim.App.1991); *Hernandez v. State,* 800 S.W.2d 523, 524 (Tex. Crim.App.1990); *Solis v. State,* 787 S.W.2d 388, 389 n. 1 (Tex.Crim.App.1990); *Blankenship v. State,* 785 S.W.2d 158, 159 (Tex.Crim. App.1990); *Dingler v. State,* 768 S.W.2d 305,

ture has had ample time to amend the statutes involved if the prevailing practice of dual representation were inconsistent with the legislative intent.

I respectfully dissent.

305 (Tex.Crim.App.1989); *Smith v. State,* 739 S.W.2d 848, 849 (Tex.Crim.App.1987); *Fulmer v. State,* 731 S.W.2d 943, 944 (Tex.Crim. App.1987); *McMillan v. State,* 727 S.W.2d 582, 583 n. 1 (Tex.Crim.App.1987); *Perry v. State,* 703 S.W.2d 668, 670 (Tex.Crim.App. 1986); *Moreno v. State,* 659 S.W.2d 395, 396 (Tex.Crim.App.1983).