IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                             NO.
WR-59,466-01



 

 

                                        EX
PARTE DALE DEVON SCHEANETTE

 

                                                                              



                  ON
APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE

         NO.
C-4-006948-0854220-A IN THE CRIMINAL DISTRICT COURT FOUR

                                                           TARRANT
COUNTY



 

 

Per
Curiam.  

 

 

                                                                     O
R D E R

 

This is a post conviction application
for writ of habeas corpus filed pursuant to the provisions of Texas Code of
Criminal Procedure article 11.071.








On January 8, 2003, a jury convicted
applicant of the offense of capital murder.  The jury answered the special
issues submitted pursuant to Texas Code of Criminal Procedure article 37.071,
and the trial court, accordingly, set punishment at death.  This Court affirmed
applicant=s conviction and sentence on direct appeal.  Scheanette v. State,
144 S.W.3d 503 (Tex. Crim. App. 2004), cert. denied, 125 S.Ct. 872
(2005).

Applicant presents twenty-nine
allegations in his application in which he challenges the validity of his
conviction and resulting sentence.[1]  Although an
evidentiary hearing was not held, the trial judge entered findings of fact and
conclusions of law.  The trial court recommended that relief be denied. 

This Court has reviewed the record
with respect to the allegations made by applicant.  We adopt the trial judge=s findings and conclusions.  Based
upon the trial court=s findings and conclusions and our own review, the relief
sought is denied.

IT IS SO ORDERED THIS THE 9TH
DAY OF NOVEMBER, 2005.

 

Do Not Publish









[1] 
Applicant also filed a lengthy pro se document in which he set out,
among other things, alleged errors and argument he wanted included in his
habeas application.  However, applicant is not entitled to hybrid
representation, therefore this Court will not consider any of the claims set
out in this document.  Ex parte Taylor, 36 S.W.3d 883, 887 (Tex. Crim.
App. 2001).