

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00079-CV

_____

IN RE:
MITCHELL DAMON DARTY

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Mitchell Damon Darty has filed a pro se petition for writ of mandamus which names the Honorable Bonnie Leggat-Hagan, presiding judge of the 71st Judicial District Court of Harrison County, Texas, as Respondent. Darty alleges at least thirty days has passed since he filed a motion for a speedy trial and the trial court has failed to hear and rule on the said motion. Darty requests that this Court issue a writ of mandamus ordering the trial court to rule on the motion for a speedy trial.

Darty has not provided us with a record that shows the trial court has refused to perform a ministerial act. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). It is the appellant's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). The petition does not include an appendix containing "a certified or sworn copy of any order complained of, or other document showing the matter complained of." *See* TEX. R. APP. P. 52.3(d), (j)(1)(A). The petition does not even state whether the motion was filed in a criminal case or a civil case. Darty has not provided a cause number for the proceedings in the trial court. If the trial court's proceedings are criminal in nature, the petition does not indicate what crime Darty has been accused of, whether Darty has been arrested, or whether an indictment or information has been filed. We have no record to determine the total time the proceedings have been delayed, the purpose

for each delay, or whether any prejudice has resulted from the delay. Further, Darty has not shown he has brought the motion to the attention of the trial court.

In addition, the record does not indicate whether Darty is represented by counsel. There is no right to hybrid representation in Texas. *Ex parte Taylor*, 36 S.W.3d 883 (Tex. Crim. App. 2001). Once an appellant has assistance of counsel, the court is entitled to look solely to the attorney and is not required to consider pro se motions. *McKinny v. State*, 76 S.W.3d 463, 478 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Darty has not shown any grounds to justify interference with the trial court's inherent authority to control its own docket.

For the reasons stated, we deny Darty's petition for writ of mandamaus.

Jack Carter
Justice

Date Submitted:     July 15, 2008
Date Decided:       July 16, 2008

3