IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-61,389-02






EX PARTE GREGORY RUSSEAU








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 114-0750-12-B IN THE 114TH DISTRICT COURT

SMITH COUNTY






 Per Curiam. 

 

O R D E R



 This is an application for writ of habeas corpus filed pursuant to the provisions of
Article 11.071, Tex. Code Crim. Proc.

 In October 2002, applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc.,
and the trial court, accordingly, set punishment at death. This Court affirmed applicant's
conviction on direct appeal, but reversed his sentence and remanded it to the trial court for
a new punishment hearing. Russeau v. State, 171 S.W.3d 871 (Tex. Crim. App. 2005). 
Applicant was retried on punishment and again sentenced to death. Applicant's sentence was
again affirmed on direct appeal. Russeau v. State, 291 S.W.3d 426 (Tex. Crim. App. 2009). 
This is applicant's initial application on the new punishment hearing.

 Applicant presents three allegations in his application in which he challenges the
validity of his sentence. (1) The trial court held a live evidentiary hearing. The trial court
adopted the State's proposed findings of fact and conclusions of law recommending that the
relief sought be denied. 

 This Court has reviewed the record with respect to the allegations made in the
application. We adopt the trial judge's findings and conclusions pertaining to those
allegations. 

 Applicant additionally raised four pro se grounds for review - three pertaining to
guilt/innocence - at the live evidentiary hearing. These grounds were not properly presented
to the trial court in either an initial or subsequent writ pursuant to the provisions of Article
11.071, Tex. Code Crim. Proc. We further note that applicant does not have a right to
hybrid representation. Marshall v. State, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006);
Ex parte Taylor, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001). Therefore, we shall not
consider these grounds as they present nothing for review, and we reject any findings or
conclusions pertaining to them.


 Based upon the trial court's findings and conclusions pertaining to the grounds
properly raised in the application and our own review, we deny relief. 

 IT IS SO ORDERED THIS THE 25TH DAY OF AUGUST, 2010.


Do Not Publish 
1. Applicant's application for writ of habeas corpus was untimely filed. However, as we
find the error to be a simple miscalculation of the dates, the writ is being addressed on its merits.