**Opinion filed December 15, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00291-CR

_____

## DERRICK JARROD JONES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. F31521**

## M E M O R A N D U M   O P I N I O N

Derrick Jarrod Jones was convicted of sexual assault of a child and sentenced to confinement for a term of eight years in the Institutional Division of the Texas Department of Criminal Justice. We dismiss the appeal for want of jurisdiction on the basis that the notice of appeal was not timely filed.

The papers on file in this court indicate that appellant's sentence was imposed on August 11, 2011, and that no motion for new trial was filed. Appellant filed a notice of appeal on September 27, 2011, forty-seven days after the date sentence was imposed. On October 12, 2011, upon receiving appellant's notice of appeal and the docketing statement, this court notified

the parties by letter that the notice of appeal appeared to be untimely. We requested that appellant respond by October 27, 2011, and show grounds for continuing this appeal. We also informed appellant that the appeal may be dismissed for want of jurisdiction. Appellant's counsel did not file a response in this court by October 27, 2011, with grounds for continuing this appeal.[1]

Pursuant to TEX. R. APP. P. 26.2, the notice of appeal was due to be filed within thirty days after the date the sentence was imposed in open court. Appellant's notice of appeal was not filed until forty-seven days after the sentence was imposed. Appellant did not file a motion for extension of time as provided for in TEX. R. APP. P. 26.3. Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993).

Accordingly, this appeal is dismissed for want of jurisdiction.

PER CURIAM

December 15, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[1]The court would note that appellant's counsel filed an application for writ of habeas corpus in the trial court on October 27, 2011, requesting an out-of-time appeal. Additionally, appellant forwarded a pro se response to this court on October 27, 2011. We have not considered appellant's response, however, because "[a]ppellants are not allowed to have 'hybrid representation' on appeal." *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001).