

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00373-CR

**ANTHONY MARK GARCIA,**

                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                              **Appellee**

### From the 220th District Court
### Bosque County, Texas
### Trial Court No. CR 14712

## O R D E R

In this proceeding, the defendant/appellant, Anthony M. Garcia, filed a document while represented on appeal by appointed counsel. For purposes of this order, we will refer to them as Appellant and Counsel, respectively. The document, entitled "Motion to Stay All Proceedings," was not served on Counsel or the State. Because Appellant was represented by Counsel, we forwarded the document to Counsel and the District Attorney; and in the forwarding letter, we noted that Appellant was not entitled to hybrid representation, citing *Ex parte Taylor*, 36 S.W. 3d

883, 887 (Tex. Crim. App. 2001). While the document from Appellant was critical of some of Counsel's decisions regarding his handling of the appeal as well as his interactions with Appellant, Appellant did not assert a right to represent himself nor did he make a motion for substitute counsel. As to the possibility of dismissing Counsel, Appellant specifically stated only that he "…plans to file a motion to dismiss" Counsel. This document was received on September 26, 2014.

All the briefing had been completed in this proceeding by December 2, 2014. On January 29, 2015, we issued the opinion affirming the judgment of conviction of Appellant. *Garcia v. State*, No. 10-13-00373-CR, 2015 Tex. App. LEXIS 844 (Tex. App.—Waco Jan. 29, 2015, no pet. h.) (not designated for publication).

A motion to dismiss appointed counsel was never filed by Appellant, nor was there ever a document filed asserting his right to represent himself.

Nevertheless, on February 5, 2015, we received a letter, posted on January 28, 2015, from Appellant that stated, among other things, "In a pro se act, appellant moved to dismiss [Counsel] as court appt. attorney & whether or not substitute is granted appellant motioned for 'Stay of Appeal' and having exceeded 60 days did thereafter request to be notified of a 'hearing date' set by the Appellate Court Clerk." After a review of our file, we have determined that the Clerk received nothing from Appellant, other than the document received on September 26, 2014, before the document received February 5, 2015.

While Appellant's January 28, 2015 letter clearly indicates a belief he had requested the removal of appointed counsel, and possibly asserts a desire to proceed acting as his own counsel, or with substitute counsel, we have determined that this assertion comes too late for this Court to act upon. The right to represent one's self cannot be used to delay or circumvent the timely disposition of the proceeding. *See Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976). *See also Parker v. State*, No. 10-10-00381-CR, 2011 Tex. App. LEXIS 9612, *8 (Tex. App.—Waco Dec. 7, 2011, pet. ref'd) (not designated for publication). In this instance, Appellant asserted his intention to file a "motion to dismiss" Counsel in September of 2014, but such a motion was never filed. By the time his next communication was received by the Court, over four months had passed and the Court's opinion had been issued.

Accordingly, to the extent that Appellant's January 28, 2015 letter could be considered a request to dismiss his appointed counsel or that he be allowed to represent himself on appeal, we deny those requests. Furthermore, so as to not create any ambiguity or confusion regarding the appellate timetable, we do not consider the letter to be a motion for rehearing, or any other motion that would extend the appellate timetable.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Motion denied
Order issued and filed February 26, 2015

