

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:        Ex parte Jesse Andrew Lopez

Appellate case number:      01-17-00586-CR

Trial court case number:    17-DCR-077033

Trial court:                268th District Court of Fort Bend County

Represented by appointed counsel, appellant, Jesse Andrew Lopez, filed a notice of appeal of the trial court's order denying his pretrial habeas corpus application. We abated the appeal and remanded the case to allow appellant to obtain a written order on his application and the trial court to execute a certification of appellant's right of appeal. The district court clerk has filed a supplemental clerk's record that contains a certification showing that appellant has a right of appeal and an order denying his application for a writ of habeas corpus. Appointed counsel has submitted a brief on appellant's behalf.

On September 6, 2017, the Clerk of this Court received appellant's pro se "Notice of New Lead Counsel and Appellant's Pro Se Status," stating that his counsel had "performed inadequately in properly presenting his case, he does not agree to his services or his claim of 'Appellant's Brief,'" and "nam[ing] himself as new lead counsel." Appellant also has submitted a pro se "Supplemental/Correction of Appellant's Brief" and a "Supplementation to Appellant's Brief." Appellant's pro se documents reflect that he has filed a motion to replace counsel in the trial court.

Appointed counsel continues to represent appellant until discharged by the trial court or the appeal is exhausted, and he is not entitle to hybrid representation. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (Vernon Supp. 2016); *Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006); *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001). And, the record filed in this Court does not indicate that appellant has been admonished regarding the dangers and disadvantages of proceeding pro se or made an intelligent and voluntary waiver of his right to counsel on appeal. *See generally* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (Vernon 2016); *Goffney v. State*, 843 S.W.2d 583, 584 (Tex. Crim. App. 1992).

Accordingly, we direct the trial court to immediately conduct a hearing at which appellant's appointed counsel, Stephen A. Doggett, and a representative of the Fort Bend County District Attorney's Office shall be present. Appellant also shall be present for the hearing in person or if incarcerated, at the trial court's discretion, he may participate in the hearing by closed-circuit video teleconferencing.[1] We direct the trial court to:

1) determine whether appellant wishes to pursue his appeal;
2) if yes, determine whether appellant wishes to waive his right to counsel on appeal and proceed pro se after admonishing him regarding the dangers and disadvantages of self-representation;
3) if yes, determine whether
   a) appellant's waiver is intelligent and voluntary; and
   b) any decision by appellant to proceed pro se is in the best interest of appellant, the State, and the administration of justice:
4) if appellant wishes to waive counsel after being properly admonished, and the waiver is intelligent, voluntary, and in the best interest of appellant, the State, and the administration of justice, discharge appointed counsel;
5) if appellant does not wish to represent himself or the trial court finds that self-representation would not be in the best interest of appellant, the State, and the administration of justice, determine whether he is:
   a) indigent and, if yes, continue the appointment of counsel Stephen A. Doggett or appoint substitute appellate counsel, or
   b) not indigent and he has retained counsel to file a brief and represent him on appeal, and, if so, the name, address, telephone number, and State Bar number of retained counsel.
6) make any other appropriate findings and recommendations; and
7) issue written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04.

The trial court shall have a court reporter, or court recorder, record the hearing. The court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and any orders with this Court no later than 30 days from the date of this order.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket.

---

[1] On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: <u>/s/ Terry Jennings</u>

⊠ Acting individually ☐ Acting for the Court

Date: <u>September 26, 2017</u>