**Appellant's Motion for En Banc Reconsideration Denied and Concurring Opinion on Denial of Motion for En Banc Reconsideration filed March 14, 2019.**



In the

# Fourteenth Court of Appeals

## NO. 14-17-00966-CR

**LUIS LIMONES, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 2110250**

## CONCURRING OPINION ON DENIAL OF
## MOTION FOR EN BANC RECONSIDERATION

I join in the denial of the motion for en banc reconsideration, but in the spirit of Texas Rule of Appellate Procedure 47.1, I concur to address appellant's contention that this court should have granted his motion to strike the State's brief.[1]

---

[1] "The court of appeals must hand down a written opinion that is as brief as necessary but that addresses every issue raised and necessary to final disposition of the appeal." Tex. R. App. 47.1.

The relevant portions of appellant's motion to strike follow, with text originally in footnotes shown in brackets:

> Only one statute authorizes the Harris County District Attorney to represent the State in an appeal in an intermediate court of appeals. That statute is Article 2.01 of the Code of Criminal Procedure. [Tex. Code Crim. Proc. Ann. art. 2.01.] Article 2.01 only authorizes the district attorney to represent the State in an intermediate appellate court if the appeal comes from a <u>district court</u>. The statute reads, in pertinent part, as follows:
>
> > Each district attorney shall represent the State <u>in all criminal cases in the district courts</u> of his district <u>and in appeals therefrom</u>, except in cases where he has been, before his election, employed adversely.
>
> The Harris County District Attorney is not statutorily empowered to represent the State in all cases in the intermediate courts of appeals. The district attorney is not legally authorized to represent the State of Texas in appeals from county-level courts, justice courts, or municipal courts. The only authority authorizing the district attorney to represent the State in an appeal in an intermediate court of appeals is Article 2.01. And this statute only permits the district attorney to represent the State in an intermediate appellate court if the appeal comes from a district court. [Section 43.180 of the Government Code describes the duties of the Harris County District Attorney. *See* Tex. Gov't Code Ann. § 43.180. None of the provisions in this statute discuss the district attorney's power to handle appeals.]
>
> This gives rise to a question. If the Harris County District Attorney cannot represent the State in appeals such as the current one, then who can? Under Texas law, the only entity capable of representing the State of Texas in an appeal such as this one is the State Prosecuting Attorney. The legal basis for the State Prosecuting Attorney to do so is a specific grant of power in Section 42.001(a) of the Texas Government Code. That provision reads as follows:
>
> > The court of criminal appeals shall appoint a state prosecuting attorney to represent the state in all

---

Rule 47.1 does not apply to issues raised in motions, so the court properly denied the motion without opinion. Appellant raises the issue again in the motion for en banc reconsideration.

2

proceedings before the court. The state prosecuting attorney may also represent the state in any stage of a criminal case before a state court of appeals if he considers it necessary for the interest of the state. [Tex. Gov't Code Ann. § 42.001(a).]

As the reader can see, the State Prosecuting Attorney is not required to represent the State in cases like the current one. But the State Prosecuting Attorney "can" do so "if he [or she] considers it necessary for the interest of the State." Accordingly, the State Prosecuting Attorney has the option to represent the State in this case if she chooses to do so. But the Harris County District Attorney has no power to represent the State in this appeal. The Harris County District Attorney is wholly without legal authority to represent the State and file a brief responding to the Appellant's brief.

Before closing, two other points warrant discussion.

First, a statute permits the State Prosecuting Attorney to assist a district attorney in representing the state before a court of appeals upon request. [*See* Tex. Gov't Code Ann. § 42.005(a).] Does this statute – in some sort of backhanded way – empower the district attorney to handle appeals from county-level courts in the intermediate appellate courts? The answer is no. The statute merely permits the State Prosecuting Attorney to assist the district attorney with appeals the district attorney is already authorized to handle.

Second, could the Harris County Attorney possibly handle appeals from the county-level courts? Again, the answer is no. Article 2.02 of the Code of Criminal Procedure announces that a county attorney "shall represent the State in cases he has prosecuted which are appealed. [Tex. Code Crim. Proc. Ann. art. 2.01 (emphasis added).] As this language shows, the county attorney's power to handle appeals is limited to cases he or she has handled. In many counties, the county attorney prosecutes misdemeanor cases in the county-level cases. Such is not the case in Harris County. "The Harris County district attorney serves as prosecutor for the county criminal courts at law as provided by Section 43.180." [Tex. Gov't Code Ann. § 25.1033(k). Section 43.180 discusses the powers and responsibilities of the Harris County District Attorney. *See* Tex. Gov't Code Ann. § 43.180.] Thus, the Harris County Attorney is not legally authorized to represent the State of Texas in cases appealed from Harris County's

3

county-level courts.

We denied appellant's motion to strike without opinion, and appellant did not raise this argument as an issue in his appellate brief.

Appellant has raised this issue again in his motion for en banc reconsideration, and the court requested a response. The State argues that taken together, Government Code sections 25.1033(k) ("The Harris County district attorney serves as prosecutor for the county criminal courts at law as provided by Section 43.180.") and 43.180(c) ("[T]he [Harris County] district attorney has all the powers, duties, and privileges in Harris County relating to criminal matters for and in behalf of the state that are conferred on district attorneys in the various counties and districts.") authorize the district attorney to represent the State on appeal. Tex. Gov't Code Ann. §§ 25.1033(k), 43.180(c). The State also cites to Code of Criminal Procedure article 2.01 ("Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom . . . ."). Tex. Code Crim. Proc. Ann. art. 2.01.

I concur in denying the motion for en banc reconsideration without reaching the merits of this issue because, as the State points out, even if the Harris County District Attorney were not authorized to represent the State in appellant's appeal, this court's opinion would not be rendered invalid given that the court was free to receive the State's brief as an amicus curiae brief. *See Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001) (court treated petition for discretionary review filed by district attorney's office as amicus curiae brief when district attorney had no authority to file petition). Appellant has suffered no harm.

4

/s/     Charles A. Spain
        Justice

The En Banc Court consists of Chief Justice Frost and Justices Christopher, Wise, Jewell, Bourliot, Zimmerer, Spain, Hassan, and Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).