**Demorian Dashon SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–08–00168–CR.**

Court of Appeals of Texas,
Waco.

Oct. 7, 2009.

John R. Donahue, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

**OPINION ON REHEARING**

TOM GRAY, Chief Justice.

Demorian Dashon Scott, acting through appointed counsel, appealed a conviction for murder. Counsel filed an *Anders* brief in support of his motion to withdraw as counsel for Scott. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the brief, counsel argued there was no arguable issue to be raised on appeal. Scott, as is his right, filed a response on his own behalf in which he directed the Court to various issues for consideration as potentially arguable issues.

MOTION FOR REHEARING IN ANDERS APPEALS

After a careful review of the brief filed by counsel to determine if counsel had performed the duty of counsel to review the record for arguable grounds for an appeal, we granted counsel's motion to withdraw from the representation of Scott. Granting that motion leaves Scott without appointed counsel. There are some duties of counsel in wrapping up the representation of Scott, such as notifying Scott of the Court's decision and of Scott's right to file a petition for discretionary review. However, counsel's duty does not include further work as an advocate for Scott, such as filing a motion for rehearing or a petition for discretionary review. This leaves Scott without counsel during at least a portion of the first stage of his direct appeal.

### Hybrid Representation

■ At this juncture in the direct appeal, the issue becomes whether consideration of a motion for rehearing filed by an appellant acting as his own attorney is properly considered on the merits by the Court. It could be argued that such consideration of an appellant's motion for rehearing violates the prohibition against hybrid representation. *See Ex parte Taylor,* 36 S.W.3d 883, 889 (Tex.Crim.App.2001). But then at this stage of an *Anders* proceeding, the appellant is no longer represented by counsel because counsel has been allowed to withdraw. Thus, it is not a violation of the prohibition against hybrid representation.

### Assistance of Counsel

■ In the alternative, it could be argued that because the appellant is attempting to act as his own counsel, the Court must comply with the requirements of *Faretta* to make sure that the appellant is doing so knowingly and intelligently. *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). But the requirements of *Faretta* do not apply at this stage of an *Anders* proceeding because the appellant is not and has not waived his right to counsel and elected to act as his own counsel. Rather, the Court has determined that the appellant is not entitled to the assistance of court appointed counsel because the appeal is without merit.

### Summary

For the foregoing reasons, we have determined that when an appellant in an appeal governed by the *Anders* procedure files a motion for rehearing, it is proper for the Court to rule on the motion and such a ruling does not violate the prohibition of hybrid representation or the Federal and State right to the assistance of counsel.

SCOTT'S MOTION FOR REHEARING

We now turn to our consideration of the motion for rehearing filed by Scott acting as his own attorney. Scott's motion evidences his belief that his response to counsel's *Anders* brief was struck or the appeal dismissed because he had failed to return the copy of the record, which had been provided to him in conformity with the *Anders* procedures.

Scott's response, however, was neither struck nor was his appeal dismissed. As stated in the Court's opinion, the response, counsel's brief, and the full record were reviewed by the Court. Such a review is required in an appeal where appointed counsel files an *Anders* brief. An *Anders* brief is a brief filed by appointed counsel that states counsel's conclusion that there is no arguable basis for an appeal. After a review of counsel's brief and the defendant's response, the Court must independently review the record, which we have a copy of in addition to the copy provided to the defendant, and determine whether the

appeal is wholly frivolous. As explained in the Court's opinion, the Court conducted its review and made that determination. That is why the trial court's judgment was affirmed.

## CONCLUSION

Demorian Dashon Scott's Motion for Rehearing filed August 26, 2009 is denied.