

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00136-CR

**MICHAEL SHAWN SADLER,**

                                                   **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                   **Appellee**

### From the 220th District Court
### Bosque County, Texas
### Trial Court No. 14104-A-BCCR

---

## ORDER

---

Michael Shawn Sadler, acting through appointed counsel, appealed a judgment that denied his motion for post-conviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. Ch. 64 (West Supp. 2014). We affirmed the judgment. *Sadler v. State*, No. 10-15-00136-CR, 2015 Tex. App. LEXIS 11685 (Tex. App.—Waco Nov. 12, 2015, no pet. h.) (not designated for publication). Sadler, without the assistance of his appointed counsel, has now filed a motion for extension of time to file a motion for rehearing.

We must first decide whether consideration of a motion for rehearing filed by a self-represented appellant is properly considered on the merits by the Court. It could be argued that such consideration of a self-represented appellant's motion for rehearing violates the prohibition against hybrid representation. *See Ex parte Taylor*, 36 S.W.3d 883, 889 (Tex. Crim App. 2001). Further, it could be argued that because the appellant is attempting to represent himself, the Court must comply with the requirements of *Faretta* to make sure that the appellant is doing so knowingly and intelligently. *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). In the context of *Anders* appeals,[1] we have determined that it is proper for the Court to rule on a motion for rehearing and such a ruling does not violate the prohibition of hybrid representation or the Federal and State right to the assistance of counsel. *Scott v. State*, 301 S.W.3d 700, 701 (Tex. App.—Waco 2009, ord.).

Sadler's underlying appeal was not an *Anders* appeal. Thus, we must now determine whether we may determine Sadler's motion for extension of time on its merits in a regular appeal.

When counsel is appointed to represent an indigent defendant, counsel represents the defendant until the charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is allowed to withdraw as counsel for the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West 2009). A defendant

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

has the right to appeal. *Id*. art. 44.02 (West 2006). While a motion for rehearing may be naturally considered a part of the appeal process, by rule it is a discretionary matter to be pursued after an appellate court's judgment or order is rendered. *See* TEX. R. APP. P. 49.01. We are not willing, at this juncture, to require counsel, appointed or retained, to file a motion for rehearing in every appeal. We also are not willing to universally permit a defendant to file a motion for rehearing on his own when his counsel has made the determination to file one on behalf of the defendant. Trying to respond to motions by both counsel and the defendant would not be beneficial to a speedy disposition of the appeal and would consume unnecessary judicial resources. Nevertheless, we must address the question: when a motion for rehearing has not been filed by counsel who was appointed to represent the appellant and the appellant prepares and files a motion for rehearing or a motion for extension of time to file a motion for rehearing, will we consider the motion filed by the appellant who is, at that juncture, self-represented?

Under the circumstances where it is clear that we will not receive a motion for rehearing from appointed counsel, we do not believe it offends the rule against hybrid representation or the need for a *Faretta* hearing for the Court to consider a timely filed motion for rehearing, or a timely filed motion for extension of time to file a motion for rehearing, filed by a self-represented appellant. We note that in a perfect world appointed counsel would notify the appellant in writing that the attorney is not required and has elected not to file a motion for rehearing. In this mythical perfect

world the self-represented appellant could then inform the Court of appointed counsel's decision and attach a copy of counsel's correspondence to the motion for rehearing or motion for extension of time to file a motion for rehearing. We recognize we do not live in a perfect world. Thus, as long as it is reasonably clear from the record and the papers filed in the appellate proceeding that appointed counsel will not be filing a motion for rehearing or a motion for extension of time to file a motion for rehearing, we will consider and rule on such a motion by the self-represented appellant.

In this particular case, we have not been informed that counsel will not be filing a motion for rehearing. However, it was the last day for filing a motion for rehearing when Sadler filed his motion for extension of time to file a motion for rehearing. Since then, appointed counsel has not filed a motion for rehearing or a motion for extension of time to file a motion for rehearing on Sadler's behalf. We infer from these actions and inactions that counsel exercised his professional judgment and decided not to file a motion for rehearing on Sadler's behalf. Accordingly, we will proceed to a determination of Sadler's motion for extension of time on its merits.

Sadler requests an additional "45 days" to file his motion for rehearing. According to Sadler, his request does not include weekends or holidays. When computing time for documents to be filed in the Court of Appeals, weekends and holidays are included in that computation. *See* TEX. R. APP. P. 4.1. However, if the last day of the computed time period ends on a weekend or a legal holiday, the period

extends to the end of the next day that is not a weekend or legal holiday. *Id*. 4.1(a). Calculating from the date the motion for rehearing was due, Sadler has thus effectively requested an extension of 66 days.

Nevertheless, the Court grants Sadler's motion to the date Sadler requested; therefore, Sadler's motion for rehearing is due on or before February 11, 2016. Appellant is warned that if the motion for rehearing is not filed by that date and is thus late or is not filed at all, the Court will have no jurisdiction to rule on a late motion for rehearing, and appellant's time to file a petition for discretionary review with the Court of Criminal Appeals will have likewise expired.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Motion granted
Order issued and filed December 17, 2015
Publish

