The STATE of Texas, Appellant,

v.

Catherine J. LAUBER, Appellee.

No. 13–91–184–CR.

Court of Appeals of Texas,
Corpus Christi.

May 30, 1991.

**456**

John D. Holmes, Jr., Dist. Atty., Houston, for appellant.

Neal Y. Pickett, Houston, for appellee.

### OPINION

PER CURIAM.

On March 19, 1991, the State gave notice of appeal from the trial court's order granting appellee's motion to suppress. We will dismiss the appeal for want of jurisdiction. The notice of appeal states:

> COMES NOW, the State of Texas through her undersigned Assistant District Attorney and gives notice of its intention to appeal the court's ruling granting Defendant's Motion to suppress in the above numbered and styled cause. This appeal is based on the State's right of appeal set out in the Texas Code of Criminal Procedure Article 44.01. Notice is provided in compliance with Texas Rule of Appellate Procedure 40(b)(1).

The Honorable Barrett H. Reasoner signed the notice as "Assistant District Attorney."

By letter dated April 11, 1991, this Court notified the State that the notice of appeal was defective because it failed to comply with Tex.Code Crim.Proc.Ann. art. 44.01(i) (Vernon Supp.1991).

Tex.Code Crim.Proc.Ann. art. 44.01 (Vernon Supp.1991) provides:

> (d) The prosecuting attorney may not make an appeal under ... this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court ...
> (i) In this article, "prosecuting attorney" means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney.

The State's "prosecuting attorney" has not invoked our jurisdiction within the fifteenth day of the order suppressing evidence. The appeal in the instant case is brought by and through the *assistant district attorney*, and the notice is signed by the *assistant district attorney*. This notice of appeal fails to comply with article 44.01(i). No person authorized to bring an appeal on behalf of the State has invoked our jurisdiction.

In *State v. Sanchez*, 800 S.W.2d 292, 298 (Tex.App.—Corpus Christi 1990, pet. granted), we found that a notice of appeal signed by an assistant district attorney but brought by and through the district attorney was sufficient to satisfy article 44.01(i). Other Courts of Appeals reached the same result in *State v. Barker*, 780 S.W.2d 927, 928 (Tex.App.—Austin 1989, pet. ref'd) and *State v. Muller*, 798 S.W.2d 315, 316–17 (Tex.App.—Houston [1st Dist.] 1990, pet. granted).

In the present case, the State, despite being notified of the defect, has not filed an amended notice of appeal or responded in any manner to this Court's defect notice. Therefore, we dismiss the appeal for want of jurisdiction.