# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00032-CR

---

**The State of Texas, Appellant**

**v.**

**Jesus Alberto Guzman Curipoma, Appellee**

---

**FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-22-000058, THE HONORABLE JAN SOIFER, JUDGE PRESIDING**

---

### O P I N I O N

This appeal presents an uncommon situation in which the State of Texas—acting through the district attorney in one county and the county attorney in another—takes conflicting positions on the same habeas corpus application. The Kinney County Attorney appeals a Travis County district court's order granting an application for a pretrial writ of habeas corpus filed in Travis County by Jesus Alberto Guzman Curipoma, who challenged his constructive confinement in Kinney County on a misdemeanor criminal-trespass charge. The Travis County District Attorney, who represented the State during the district-court habeas proceedings, has filed a "Motion to Dismiss Unauthorized Appeal." The Kinney County Attorney filed a response opposing the motion. Because we conclude that the State may not take different positions in the same habeas corpus litigation and that the Travis County District Attorney was the authorized

representative of the State in the habeas proceeding below, we will grant the District Attorney's motion and dismiss the County Attorney's appeal for want of jurisdiction.

## BACKGROUND

On January 5, 2022, Guzman Curipoma filed his habeas application in Travis County district court challenging his constructive confinement in Kinney County after his September 17, 2021 arrest and detention on a misdemeanor criminal-trespass charge. *See* Tex. Penal Code § 30.05(a); *Ex parte Guzman Curipoma*, Cause No. D-1-GN-000058, in the 126th District Court of Travis County. The State charged Guzman Curipoma by information with criminal trespass of a railyard, a Class A misdemeanor, and further enhanced the available punishment by alleging that it occurred during a state-of-disaster declaration. *See* Tex. Penal Code §§ 12.50(a)(1)(B) (enhancing punishment for offense committed in area "subject to a declaration of a state of disaster made by the governor"); 30.05(a), (b)(7)(H) (defining "critical infrastructure facility"), (d)(3)(A)(iii) (defining criminal-trespass offense as to freight-transportation facilities, including "railroad switching yard"); *see also id.* § 12.21 (providing that class A misdemeanor conviction is punishable by fine of up to $4,000 and one year in jail).

In his habeas application, Guzman Curipoma contends that his liberty is restrained based on his obligation to appear in court and respond to the charges that the State brought against him.[1] *See Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) (noting that applicant was "restrained of his liberty," for purposes of seeking pretrial habeas relief, when he was charged with offense and released on bond to await trial). For over four months since his

---

[1] At the hearing on the habeas application, an acting assistant county attorney for Kinney County acknowledged that "we are not contesting in any way, shape, or form that Mr. Guzman Curipoma is in custody. He certainly is in custody by virtue of a personal bond."

arrest, Guzman Curipoma remained "restrained in his liberty" without arraignment.[2] *See* Tex. Code Crim. Proc. arts. 26.01 (providing that in "all misdemeanor cases punishable by imprisonment, there shall be an arraignment"), .02 (stating that accused's arraignment "takes place for the purpose of fixing his identity and hearing his plea"); *Price v. State*, 866 S.W.2d 606, 611 (Tex. Crim. App. 1993) (noting that legislative purpose of arraignment is "to provide a final opportunity for an indigent accused to obtain appointed counsel"). The Travis County District Attorney filed a response to the habeas application and recommended that it be granted.

Counsel for Guzman Curipoma appeared at a Zoom hearing on the merits of the habeas application, and assistant district attorneys with the Travis County District Attorney's Office appeared for the State. Additionally, an Austin attorney appeared as an acting assistant county attorney for Kinney County, arguing that the "Kinney County Attorney's Office is the proper representative" and should "proceed as counsel for the State" on the habeas application. The district court determined that "the Travis County District Attorney has the authority to represent the State in this matter" and sustained objections to the acting assistant county attorney's participation in the hearing but allowed him to make statements as "in essence, a bill" of exception. After the hearing, the district court granted the requested habeas relief and

---

[2] Guzman Curipoma contends that his arrest, booking at a facility in Val Verde County for migrant processing, and pre-arraignment detention in state prison were part of the State of Texas's "Operation Lone Star" program—which Kinney County's acting assistant county attorney disputed—in a newly created court system in South Texas that violates the Supremacy Clause of the United States Constitution. His habeas application challenges the manner in which the criminal-trespass statute, its enhancement provisions, and an executive proclamation are being applied to him. *See Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016) (recognizing that "certain types of as-applied claims may be raised by pretrial habeas because the particular constitutional right at issue in the as-applied challenge is the type that would be effectively undermined if not vindicated prior to trial").

dismissed the pending "misdemeanor trespassing case." The County Attorney filed this appeal, which the District Attorney then moved to dismiss.

## DISCUSSION

"The State of Texas has only one, indivisible interest in a criminal prosecution: to see that justice is done." *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001) (per curiam). Although different lawyers may have different views about how the law should be shaped to achieve that goal, that does not give them different interests. *Id.* And the State is not permitted to take different positions in the same lawsuit. *Id.*

Resolution of the motion to dismiss this appeal requires us to consider the propriety of the habeas application filing in a Travis County district court and the statutory duties of district and county attorneys. "Habeas corpus is primarily a criminal proceeding," addressed in Chapter 11 of the Code of Criminal Procedure. *Ex parte Smith*, 444 S.W.3d 661, 669 (Tex. Crim. App. 2014). That chapter "explicitly detail[s] how an applicant seeks habeas corpus relief, where the application is to be filed, the form an application must take, and the procedural process in the habeas court" once the application is filed. *Id.*

As an initial matter, we note that Guzman Curipoma's habeas application was properly filed in a Travis County district court. Article 11.09 of the Code of Criminal Procedure states that defendants charged with misdemeanors "may" apply for habeas corpus relief to a county judge. *See* Tex. Code Crim. Proc. art. 11.09. The Court of Criminal Appeals has determined that article 11.09 "is permissive, not mandatory, and is therefore merely advisory in nature." *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987). Similarly, the analogous felony provision on applications for writs under article 11.08 of the

4

Code of Criminal Procedure, providing that "a defendant may apply to the judge of the court in which he is indicted," has also been held to be permissive in nature and that an application may be sought in any Texas district court or any Texas county court. *In re Piper*, 105 S.W.3d 107, 110 (Tex. App.—Waco 2003, orig. proceeding) (noting that under permissive language of statute, "Piper's remedy is to file a petition for writ of habeas corpus in the Texas Court of Criminal Appeals, in any Texas district court other than the 18th [District Court where he was indicted], or in any Texas county court" and recognizing that despite some criticism, this "is still the law").[3]

Article V, section 8 of the Texas Constitution states that the "District Court['s] jurisdiction consists of exclusive, appellate, and general jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. This provision "gives the district court 'plenary' power to issue the writ of habeas corpus." *Ex parte Schmidt*, 109 S.W.3d 480, 482 (Tex. Crim. App. 2003); *see* Tex. Code Crim. Proc. art. 11.05 (including district courts among judicial authorities with power to issue writs of habeas corpus). "There is no grant of jurisdiction to the county courts which precludes a District Court from exercising its plenary power over issuance of writs of habeas corpus in misdemeanor actions." *Onion*, 741 S.W.2d at 434 (similarly noting that "Article 11.09 is not sufficient to deprive the District Court of its jurisdiction to hear post conviction habeas corpus petitions in cases involving misdemeanors").

---

[3] In response to the motion to dismiss, the Kinney County Attorney acknowledges that the Code of Criminal Procedure "makes no provision for county of return of the writ in misdemeanor cases" and that "an application for writ of pre-trial habeas corpus made by a person confined on a misdemeanor charge may be filed in any county in the State."

And when, as here, an indictment has not issued, the writ of habeas corpus can be made returnable to any Texas county. *See* Tex. Code Crim. Proc. art. 11.06 ("Before indictment found, the writ may be made returnable to any county in the State."); *see also Ex parte Johnson*, 876 S.W.2d 340, 343 (Tex. Crim. App. 1994) (allowing defendant charged by information with felony offense to file pretrial habeas application with Court of Criminal Appeals, which issued writ and made it "returnable to the 180th District Court of Harris County"); *Ex parte Trader*, 24 Tex. Ct. App. 393, 397 (1887) (concluding that district judge in Eastland County had authority to issue habeas writ concerning applicant indicted for felony in noncontiguous Karnes County). In this context, "a district judge may hear a writ of habeas corpus and grant relief even though an indictment for the offense is pending in the county court." *Ex parte Williams*, 786 S.W.2d 781, 782 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (rejecting contention that district court lacked jurisdiction because habeas application should have been filed in county court at law and noting that otherwise habeas applicant would be precluded from obtaining relief from illegal confinement if he could not get relief from judge hearing his case). Thus, the Travis County District Court had jurisdiction of Guzman Curipoma's habeas application as to the misdemeanor criminal-trespass charge pending against him in Kinney County.

Further, the District Attorney was the proper representative of the State in the Travis County habeas proceedings and the district court correctly determined that the District Attorney had authority to act as representative of the State. A district attorney's duties are defined in article 2.01 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 2.01 (including among those duties that "[e]ach district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely"); Tex. Gov't Code § 43.132 ("In addition

6

to performing the other duties provided by law for district attorneys, the district attorney represents the state in all criminal cases before all the district courts of Travis County."). The Court of Criminal Appeals referenced the statutory duties of district attorneys when addressing their authority to represent the State in habeas proceedings:

> As to the question of the authority of the District Attorney to represent the State in matters of habeas corpus it has long been the law that: ". . . When any criminal proceeding is had before an examining court in [the district attorney's] district or before a judge upon habeas corpus, and he is notified of same, and is at the time within his district, he shall represent the State therein, unless prevented by other official duties." Tex. Code Crim. Proc. Ann. Art. 2.01. The District Attorney . . . unless disqualified through a conflict of interest or by other statutory reason, shall represent the State in habeas corpus actions within his district.

*Alvarez v. Eighth Court of Appeals*, 977 S.W.2d 590, 593 (Tex. Crim. App. 1998). Here, no one disputed that the habeas application was filed in Travis County, that the District Attorney was notified of that application, and that he was within his district at the time. Similarly, there was no contention that the District Attorney was disqualified from representing the State in the proceedings below.

A county attorney's duties are defined in article 2.02 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 2.02. A county attorney represents the State in all criminal cases under examination or prosecution in his "said county," aids the district attorney when requested in the prosecution of any case on behalf of the State in district court, and represents the State alone "in the *absence of the district attorney*." *Id.* art. 2.02 (emphasis added). Similarly, article 11.39 of the Code of Criminal Procedure indicates that the State is represented in habeas proceedings by either the county attorney or the district attorney, but not both. *See id*. art. 11.39 ("If neither the county nor the district attorney be present, the judge may

7

appoint some qualified practicing attorney to represent the State, who shall be paid the same fee allowed district attorneys for like services."). Here, the habeas application was filed and heard in Travis County, there was no contention that the District Attorney requested the County Attorney's assistance with the district court habeas proceedings, and the reporter's record reflects that assistant district attorneys with the Travis County District Attorney's Office appeared for the State at the habeas hearing.

Moreover, the County Attorney, who did not represent the State in the Travis County habeas proceeding, may not take a different position on appeal than the State did below as to this same habeas petition. *See Ex parte Taylor*, 36 S.W.3d at 887; *cf.* Tex. Code Crim. Proc. art. 44.01(a)(1) (authorizing "the state" to appeal court order that dismisses charging instrument). The County Attorney contends that reading article 2.01 as requiring a district attorney to "exclusively respond as the State" to habeas proceedings filed in the district courts of his district leads to an "absurd result." We disagree. Construing the applicable law to prohibit prosecutors from taking conflicting positions as "the State" on the same habeas application is consistent with the requirement that "[e]very provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy and protect the rights of the person seeking relief under it." Tex. Code Crim. Proc. art. 11.04. This construction is also consistent with the general prohibition against hybrid representation. *See Ex parte Taylor*, 36 S.W.3d at 887 (noting absence of showing that any other court was "called on in any case to entertain conflicting decisions made by two attorneys representing one party to a lawsuit").

Accordingly, we conclude that the County Attorney—who did not represent the State in the Travis County District Court habeas proceeding and who may not take a different position than the District Attorney did as to the same habeas application—was not authorized to

8

bring this appeal on behalf of "the State" from the order granting habeas relief. Dismissal is proper when "[n]o person authorized to bring an appeal on behalf of the State has invoked our jurisdiction." *State v. Lauber*, 810 S.W.2d 455, 456 (Tex. App.—Corpus Christi–Edinburg 1991, no pet.) (per curiam).

## CONCLUSION

We grant the District Attorney's motion and dismiss this appeal for want of jurisdiction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Dismissed for Want of Jurisdiction

Filed:   February 25, 2022

Publish

9